Gustavus W. Raynolds and Others, Appellants, Respondents, *v.* Browning, King & Company and Others, Respondents, Appellants.

First Department, July 6, 1926.

Trusts — testamentary trusts — power of trustee to make lease for twenty-one years with privilege of renewal — will granted trustee power to execute lease for term extending beyond duration of trust — will construed to authorize trustee to include within lease renewal clause for another term of twenty-one years — costs — extra allowance under Civil Practice Act, §§ 1513 and 1514, in action for declaratory judgment, denied.

By the terms of a testamentary trust, the trustee was given the express power to lease certain property for a term extending beyond the duration of the trust, and in connection with said lease to consent and agree to such alteration of the building or construction of a new building by the tenant under such lease as the trustee should deem for the best interests of the trust, and for that purpose to execute, acknowledge and deliver such lease, containing such agreement or agreements as might be necessary and proper for the purpose of carrying into effect the power and authority conferred.

Under the power conferred by the trust, and in view of the fact that the premises in question were in a dilapidated and worn-out condition without any improvements, located on Broadway in New York city, with a net income of between $2,000 and $5,000 a year, the trustee had the authority to make the twenty-one-

year lease of said property under an agreement by the lessee to construct a building, the result of which lease was to increase the income of the property by approximately $25,000, and the trustee had the authority also, under the terms of the trust, to agree that the lessee might, at its option, renew the lease for a second period of twenty-one years.

The defendant lessee is not entitled to an extra allowance, under sections 1513 and 1514 of the Civil Practice Act, in this action for a declaratory judgment, for the action is not difficult and extraordinary, and, furthermore, there is no evidence of the value of the lease, the subject-matter of the suit, from which a computation for such an allowance can be made.

CROSS-APPEALS by the plaintiffs, Gustavus W. Raynolds and others, from a declaratory judgment of the Supreme Court entered in the office of the clerk of the county of New York on the 3d day of June, 1925, upon the decision of the court rendered after a trial at the New York Special Term.

Appeal by the defendants, Title Guarantee and Trust Company and others, from said judgment except that part making an allowance to William Allen as special guardian of an incompetent for compensation and expenditures.

Appeal by the defendant, Browning, King & Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of March, 1925, denying its motion for an extra allowance on the ground that the case was difficult and extraordinary.

*Jabish Holmes* of counsel [*Thomas M. Healy* with him on the brief; *Thomas M. Healy*, attorney for the plaintiffs; *Dixon & Holmes*, attorneys for the defendants Mary K. Stevens and another; *Harry D. Nims*, attorney for the defendants Popham Hidden and another; *Levi S. Hulse*, attorney for the defendant Nicholas Hidden], for the appellants.

*Harold Swain* of counsel [*Arthur H. Indell* with him on the brief], for the appellant Title Guarantee and Trust Company, as committee of Henrietta Gardner Cattapani.

*Henry D. Merchant* of counsel, for the appellant Henrietta Gardner Cattapani.

*Rutherford B. Meyer* of counsel [*Eugene Lamb Richards*, attorney], for the appellants Zographos.

*Charles P. Northrop* of counsel [*Clarence E. Thornall*, attorney], for the respondent Browning, King & Company.

FINCH, J. The question presented for decision is whether certain specific powers granted to a testamentary trustee under a will are sufficiently broad to give validity to a lease made by him for

twenty-one years and six months, with an election in the tenant to have a further lease for a further term of twenty-one years following the expiration of the previous term, the further lease to contain covenants, agreements and conditions identical with those contained in the first lease, except as to certain provisions providing for the ascertaining of what augmentation of rent, if any, should take place during the term of the further lease.

In and by the 8th clause of her will, the testatrix devised to her brother, Thomas B. Hidden, and his successors in the trust thereby created, certain premises in trust to receive the rents, issues and profits, and, after payment of all charges and expenses, to pay over the net income thereof to the son of the testatrix during his life, and after his death, if his wife should survive him, to pay over the said net income up to the sum of $6,000 annually to the said wife during her life and the remainder to certain other persons, the trust to terminate at the death of the son and wife.

The testatrix, by the 11th clause of her will, gave to the trustee power to lease the property as follows:

" *Eleventh.* I hereby give, devise and bequeath to Thomas B. Hidden, his successors and successor in the said trust, full power and authority from time to time, and at all times, during the continuance of the said trust in him hereby created, to sell, mortgage or lease all or any portion of the said trust properties for such sum or sums and for such periods, and upon such terms as he shall deem best for the interests of said trusts and to execute, acknowledge and deliver to the purchaser or purchasers such instruments of conveyance, assignment, mortgage or lease, as shall be requisite and proper for the full execution and carrying out of the power and authority hereby conferred; the proceeds of any such sales or mortgage to be subject to the same trusts as the property from which they are derived.    And especially I hereby authorize and empower said Thomas B. Hidden, as Trustee under the Eighth Clause of this my will, of the said Broadway and Sixth Avenue property, and his successors and successor, if he or they deem it for the advantage of the said trust, to lease the said property for a term extending beyond the duration of said trust, and in connection with said lease, to consent and agree to such alteration of the present building or construction of a new building thereon, by the tenant under such lease, as the said trustee or his successors or successor shall deem for the best interest of the said trust and for this purpose to execute, acknowledge and deliver such lease or leases, containing such agreement or agreements as may be necessary and proper for the purpose of carrying into effect the power and authority hereby conferred."

Pursuant to this power, the trustee, on the 28th day of October, 1902, entered into a lease of the premises in question with Browning, King & Company, which contained, among others, the following covenant:

" *Second.* If the party of the second part, its successors or assigns, shall during the whole of said term of twenty-one years and six months hereby demised, well and faithfully keep and perform all and singular the covenants and agreements herein contained, on its and their part to be kept and performed, then the party of the first part, his successors and assigns shall and will, if the party of the second part, its successors and assigns shall so elect, grant a further lease of the said lots hereby demised, to and at the expense of the said party of the second part, its successors or assigns, for a further term of twenty-one years from and after the expiration of the term hereby granted at and for a yearly rental, payable in equal monthly installments, on the last day of each and every month, to be ascertained as hereinafter provided, and to be in addition to all taxes, assessments and other charges upon said premises which also the lessees are to covenant to pay; such lease to contain the like covenants, agreements and conditions as are herein contained, except as to any further renewal or extension of the term thereby granted.

" And it is mutually covenanted and agreed, by and between the parties to these presents, that in order to ascertain what augmentation of rent, if any, should take place in granting any such further lease, the amount of such rent shall be ascertained as follows, that is to say: the said parties, their successors or assigns, shall each nominate one fit and impartial person to determine the full and fair worth of said lots of land at private sale, which nomination shall be made and signified by each party to the other at least six months before the expiration of the term of twenty-one years and six months hereby demised, and in default of such nomination by either party for the space of fifteen days after the time above limited for the making of the same, the person who shall have been so nominated by the other party shall appoint and associate with himself one other fit and impartial person for the purposes aforesaid, and if the two persons to be so nominated or appointed shall differ in judgment thereon, they shall appoint a fit and impartial person to be umpire between them, if they can agree upon such person, or if they cannot so agree, then each of them shall nominate two fit and impartial persons, and from the names of the four persons so nominated, that of one shall be drawn by ballot, who shall be the umpire, and the decision of such two persons, or, in case of their disagreement of the said umpire, as to

the value of said lots, shall in all cases be final and conclusive, and the rent to be reserved therein for such further term shall be estimated for the lots alone, without any buildings thereon and four and one-half per cent on such estimated value of said lots shall be the annual rent to be reserved in the new lease during the further term to be granted."

The testatrix's son died in 1919 and his widow died in 1922, whereupon the trust estate terminated. On February 27, 1923, Browning, King & Company gave notice of their election to extend the lease for twenty-one years from May 1, 1924. The owners of the fee having declined to proceed, Browning, King & Company appointed arbitrators to determine the rent, which proceeding has been enjoined pending the decision of this action.

At the outset it is or should be conceded that in the absence of statutory authority or specific authority in the will which created the trust, the trustee has no authority to lease for longer than the duration of the trust estate. In *Weir* v. *Barker* (104 App. Div. 112) the court, through Mr. Justice MILLER, said: " It was undoubtedly the settled law of this State at the time of the original passage of the act in question in 1895 that such lease was not binding on remaindermen, but was valid only for a period ending with the trust term  *  *  *."

Section 106 of the Real Property Law* provides that a trustee may lease for not exceeding five years without obtaining the approval of the court, even though this term may extend beyond the duration of the trust estate, and said section has been so construed. " *  *  * the statute  *  *  * must be construed to mean that a trustee who would make a lease must limit the term to five years or obtain the court's order for the execution of a lease of a longer term." (*Thirty-nine Cortlandt Street Corporation* v. *Lambert,* 209 App. Div. 575, 580.)

As the lease in the case at bar amounts to forty-two years and six months, and as no application was made by the trustee to the court, we must turn to the will to find authority for the trustee to make the lease. This authority is contained in the 11th subdivision of the will, which subdivision, so far as material, has already been set forth herein. Any ambiguity of language in the will must be resolved " in the light of the circumstances existing at the time it was made, including the conditions of his property." (ANDREWS, J., in *Furniss* v. *Cruikshank,* 230 N. Y. 495, 503.) At the time the will was made the premises in question appear to have been in a very dilapidated condition. On Broadway there were three

---

* Since amd. by Laws of 1923, chap. 644.— [REP.

old four-story brick buildings, in which there was no heating plant. There were places cut in the walls where the flues to the chimney had probably made possible attachments of smoke pipes from coal stoves. The stoves, however, appeared to have been removed. The only means of obtaining heat was apparently from rubber tubes attached to the gas fixtures and connected with gas heaters. The plaster was falling from the ceiling and walls, the boards on the floors were worn and loose in places, the staircase was pulling away from the wall and was loose, dilapidated and very weak, the balusters were missing from the balustrade, the railing on the second floor was loose and wabbly, the roof was a very old one of tar and gravel and was in very bad shape, and there were many evidences of leaks from rain on the roof. On the Sixth avenue side the buildings were four stories and were of the same construction as those on Broadway. The interior of these buildings was practically in the same condition, " plaster falling down, no evidence of heating, the cellars were very shallow, in some places less than six feet; and the cellar floor, instead of being of concrete, in many places was nothing but mere dirt floor, showing evidences of the  *  *  *  former concrete floor, having been torn up and the buildings left in that condition. The roof of those buildings was the same as the other." There was no elevator in the building, nor any toilet other than in the cellar, and there were practically no improvements at all in the property. At the time of this condition there were many vacancies and few tenants. The net income from all these buildings was somewhere between $2,000 and $5,000 a year, and never more than the latter sum. By means of this lease a net rental was reserved at once of $35,000, which brought in this net amount to this estate, less the mortgage interest of $4,000.

In the light of these circumstances we are thus brought to the real question in the case, namely, what was the specific authority given by the will? By the 1st paragraph of the 11th subdivision the trustee is given, among other things, full power and authority to lease this property during the continuance of the trust; *second*, the trustee is especially authorized and empowered to lease the land in question for a term extending beyond the duration of the trust without regard to the building; and *third*, he is given the authority, if the lease which he makes comprises the alteration of the present building or the construction of a new building, to execute, acknowledge and deliver such lease or leases containing such covenants or agreements as may be necessary and proper for this purpose. The argument of the appellants seeks to limit the authority granted to the first two powers above outlined and to limit the second power, in other words, to lease the property

and to lease the same for a single term comprising a present demise extending beyond the duration of the trust, and then to make all the rest of the power granted subordinate to and a part of said two powers. In order to reach this conclusion, the appellants seek to read the phrase " and in connection with said lease " as bound up with the leasing of the said property for a single term extending beyond the duration of said trust and comprising only a present demise, whereas the express language of the power in connection with the alteration of the present building or the construction of a new building, namely, " to execute, acknowledge and deliver such lease or leases," shows that the words " and in connection with said lease " are used in the broader sense, namely, in connection with the leasing of said property in general. In other words, when the trustee leases the property in connection with the alteration of the present building or the construction of a new building, he then has the authority to deliver a lease or leases containing covenants or agreements as may be necessary and proper to induce the proposed lessee to carry out the alteration of the present building or the construction of a new building. Even, however, if the words " and in connection with said lease " are used in a narrower sense than would seem to have been the case, yet if the alteration of the present building or the construction of a new building is a part of the lease, the trustee has the authority to incorporate in said lease such covenants or agreements as may be necessary and proper to induce the tenant to alter or build a new building. In other words, as suggested by the brief of respondent Browning, King & Company, the meaning of the testatrix stands out when shown by a reconstructed sentence, using the same words, as follows: For the purpose of carrying into effect the special power and authority conferred upon the trustee in connection with said lease, to consent and agree to the construction of a new building thereon by the tenant under such lease, the trustee is authorized and empowered to execute, acknowledge and deliver to the tenant such lease or leases containing the necessary and proper agreement or agreements (that on or before May 1, 1924, the tenant should have the right to the premises for the succeeding twenty-one years on the same terms and conditions, except an augmented rent to be fixed by an appraisal, as set forth in said lease) for a term extending beyond the duration of said trust, as ' the trustee shall deem for the best interests of the said trust.

While the exercise by the tenant of its right to an extended term of twenty-one years from May 1, 1924, may be held to be a present demise for the full term of forty-two years and six months, com-

29

mencing November 1, 1902 (*Masset* v. *Ruh*, 235 N. Y. 462; *Orr* v. *Doubleday, Page & Co.*, 223 id. 334, 340), yet we prefer to rest our decision upon the specific authority given to the trustee in the will to make the lease in question. The testatrix undoubtedly had the power in her lifetime to have made such a lease as in the case at bar. Having this power, she had a right to devise the same to her trustee and authorize him to make the lease in question. That she did so seems clear from the language which she employed. The claim that these covenants or agreements were of no effect and that the tenant was from the very beginning induced to put up the building in question upon covenants which were void *ab initio*, cannot now be maintained. No question is raised but that the trustee acted for the best interests of the estate, with honesty and fairness.

In so far as the denial of the application for an extra allowance is concerned, the matter was properly disposed of at the Special Term. Not only is the action not difficult and extraordinary, but this is an action for a declaratory judgment. The subject-matter of the suit was the lease, and there was no evidence of the value of the lease. The extra allowance, under sections 1513 and 1514 of the Civil Practice Act, must be computed on the value of the subject-matter involved. (*Conaughty* v. *Saratoga County Bank*, 92 N. Y. 401; *Ogdensburgh, etc.*, v. *Vermont, etc.*, 63 id. 176; *Kitching* v. *Brown*, 180 id. 414.) In the latter case Werner, J., writing for the court, said: " Under the Code (Sec. 3253) such an allowance must be based upon ' the sum recovered or claimed, or the value of the subject-matter involved.' Here there was no sum recovered or claimed, and there is no allegation, proof or finding as to the value of the subject-matter involved. There is, therefore, no basis for the allowance, and it was error to grant it. Conceding, for the purpose of the discussion, that the action was ' difficult and extraordinary ' within the meaning of the Code, it is, nevertheless, entirely barren of facts upon which to make a computation for such an allowance. No sum of money was asked for or recovered. The subject-matter involved was incapable of valuation."

The judgment and order appealed from should be affirmed, with costs to the defendant Browning, King & Company.

Clarke, P. J., Merrell, Martin and Wagner, JJ., concur

Judgment and order affirmed, with costs to the defendant Browning, King & Company against the plaintiffs and the other defendants appealing from the judgment.