C. MILTON FOREMAN and Another, Appellants, v. RUTH ELAINE REALTY CORPORATION, Respondent.

Second Department, March 30, 1934.

*Alfred T. Davison* [*Addison B. Scoville* and *Orrin G. Judd* with him on the brief], for the appellants.

*Maxwell Slade* [*David Slade* with him on the brief], for the respondent.

YOUNG, J. This appeal involves the construction of a lease between the parties. The lease is dated February 12, 1926, demising certain premises situate on the northwest corner of Main street and the Merrick road, at Freeport, Long Island. The term of the lease is twenty-one years, commencing May 1, 1926, with the privilege of renewal. The rent reserved for the period up to December 31, 1926, is $7,500. It is $15,000 per year from January 1, 1927, to December 31, 1936, and $16,500 per year from January 1, 1937, to the end of the term.

The lease contained the following paragraph:

" *Tenth*. If at any time during the term of this lease and prior to the time the Tenant commences the erection of a building thereon, condemnation proceedings for acquiring title to a portion of the above described premises shall be instituted or commenced by any corporation, municipality or governmental authority authorized by law to take or condemn lands, then in such case the Tenant shall assign, and hereby does assign, to the Landlord any award to which the Tenant may be entitled by reason of such taking, and any award made to the Tenant therefor shall be paid to the Landlord and the yearly rent to be paid by the Tenant to the Landlord as herein provided shall be reduced by deducting an amount equal to five per cent (5%) upon the actual *net* amount of money so received by the Landlord by reason of such condemnation, including the amount of the Tenant's award which the Landlord thus receives after deducting all assessments which may under the law be deducted from any award to the Landlord by reason of any such public improvement connected with such condemnation, such reduction in rent to commence from the time of the actual receipt by the Landlord of such money or award in condemnation or as of the time when interest thereon accrues to the Landlord, whichever date shall be prior in point of time."

The county of Nassau subsequently commenced condemnation proceedings to take a sixteen-foot strip from the premises for the purpose of widening the Merrick road, and title vested in the county in this strip of land on June 2, 1926. The final award, which included interest on the award for the value of the property taken, was made on December 4, 1929, and was for the sum of $42,087.03, and this amount, with interest thereon from December 4, 1929, was actually paid to plaintiffs in August, 1930.

It will be noticed that by paragraph tenth of the lease it was provided that after the sixteen-foot strip of land had been taken the rent should be reduced by deducting an amount equal to five per cent upon the actual net amount of the money so received by the landlord by reason of such condemnation, after deducting all

assessments which may under the law be deducted from the award by reason of any public improvement connected with such condemnation, and it is conceded that there were no assessments to be deducted. The appellants contended, however, that the sum of $5,720 should be deducted, the same being made up by counsel fee of $5,000 paid by the plaintiffs to Mr. Davison, their attorney, and $720 paid to the real estate experts by plaintiffs. This claim, however, was refused by the Special Term. Upon this appeal it is contended that the amounts so paid should be deducted from the amount of the award; that by the use of the words " *net* amount " so received by the landlord by reason of such condemnation, it was intended that all the necessary expense connected with the proceeding should be deducted and that it was necessary for the plaintiffs in the proceeding to hire counsel and expert witnesses; that the plaintiffs did not in fact receive the sum of $42,087.03, but only the amount less counsel fee and the fees of the expert witnesses. It is further argued that the word " net " generally means the amount received less expenses. On the other hand, the respondent points to the wording of this clause in the lease to the effect that the five per cent allowable was upon the actual net amount of money so received by the landlord after deducting all assessments, etc., and that, under the well-recognized rule, this provision excluded all other expenses. It is further argued by the respondent that it would be inequitable to charge the defendant with counsel fee and witnesses' fees because, under the provisions of the lease, all rights of the tenant were assigned to the plaintiffs, and it had no interest whatever in the condemnation proceeding; that Mr. Davison appeared only for the plaintiffs and was employed solely by them.

I think that respondent's position upon this question is correct, and that the Special Term was right in disallowing the plaintiffs' claim for a deduction. I assume that plaintiffs' counsel drew this lease, and that if it was within the contemplation of the parties that plaintiffs' counsel fee and the witnesses' fees should be deducted from the award, it would have so specified. I believe the only deduction contemplated was the assessments.

Appellants' second contention is that the reduction in the rent should be held to begin from December 4, 1929, the date when the final award was made, and not from June 2, 1926, when title vested. It is not so clear what is meant by the language of the lease in this respect, to wit, " such reduction in rent to commence from the time of the actual receipt by the Landlord of such money or award in condemnation *or as of the time when interest thereon accrues to the Landlord, whichever date shall be prior in point of*

*time.*" The appellants contend that this provision should be construed to mean that the reduction in rent should commence from December 4, 1929, the date of the award of the commissioners; that this was the date when interest on $42,087.03 accrued to the plaintiffs; that the interest on this amount could not possibly accrue before this date, and that, even if it should be held that the interest accrued to the plaintiffs from the time title vested on June 2, 1926, the interest so accruing would only be upon the award made for the value of the property without interest, to wit, $34,766.15; that it is impossible that interest should accrue on the balance of the award because that balance was the interest added to the $34,766.15 as part of plaintiffs' damage. This argument is good so far as it goes, but the balance of the provision in the lease must be considered, namely, that the reduction in rent was to commence from the time of the actual receipt by the landlord of such money or award in condemnation *or as of the time when interest thereon accrues to the landlord, whichever date shall be prior in point of time.* It is rather difficult for me to comprehend what this means. It is apparent that the date of the receipt of the award could not possibly precede the date of the accrual of interest on that award. It is also apparent that the date of accrual of interest on the $34,766.15 was bound to be prior to the date of the actual receipt by the landlord of the award. If appellants' contention is right, that the reduction in the rent should begin on December 4, 1929, the last part of the provision in the lease in this respect would appear to be meaningless because that date was bound to be prior to the time of the actual receipt of the award by the landlord. If we take the defendant's construction, namely, that the reduction in the rent should be computed on $42,087.03 from June 2, 1926, when title vested, the last portion of the lease above quoted would otherwise be meaningless, because that date was bound to be prior to the actual receipt by the landlord of the amount of the award. Both of these constructions make the last portion of the lease meaningless. Something else, I think, must have been the intention of the parties, and this intention, I think, was that the tenant should have a reduction in his rent from the time it was deprived of the use of its property. Under the law applicable, Nassau county was not obliged to take possession of the property being condemned until it paid for it after the award was made. It might take possession of the property at the time the commissioners filed their oaths, and this in fact was done; and it seems to me that this last part of paragraph tenth, referred to, was incorporated in the lease for the protection of the tenant, and that it was intended that the reduction

of the rental was to begin from the time the defendant was deprived of the use of its property, which, of course, was June 2, 1926. With this construction, the language referred to may be understood. The plaintiffs might be paid the amount of the award before any interest accrued thereon, which would be the case if the county of Nassau did not take possession of the property until that time. On the other hand, the county of Nassau might take possession of the property long before the award was made, which did happen in this case and which, of course, deprived the defendant of the possession of its property, and the interest started to accrue in favor of the owners at this time. In addition to this, of course, we have the well-known principle that where a provision of the lease is ambiguous, it should be construed in favor of the tenant.

I conclude, therefore, that the judgment is right and should be affirmed. Certain of plaintiffs' proposed findings should be reversed because of impropriety and apparent inconsistency with the decision. It would seem that the issue was confused by certain proposed findings as to when the interest accrued, which might well be found if referable to the interest accruing on the award after or from the date of the filing of the report of the commissioners — which, of course, is not the issue before us at all, the question for decision not referring to that matter, but whether the interest accrued from the time title vested, three and one-half years before the award was paid. These proposed findings are as follows:

" XXXIV. The date from which interest on the said award of $42,087.03 accrued to plaintiffs was December 4, 1929. Admitted by pleadings. Found.

" XXXV. The date from which interest on said award of $42,087.03 accrued to plaintiffs was not earlier than December 4, 1929. Admitted by pleadings. Found."

These same findings, in substance, were refused in the plaintiffs' proposed conclusions of law.

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, KAPPER, TOMPKINS and DAVIS, JJ.

Judgment unanimously affirmed, with costs. Findings of fact numbered XXXIV and XXXV, proposed by plaintiffs, are reversed as contrary to the decision made.