## THIERRY v. GILBERT.
### No. 4050.

Circuit Court of Appeals, First Circuit.

Feb. 27, 1945.

604

Albert E. Lewis and Louis S. Thierry, pro se, both of Boston, Mass., for appellant.

William H. Lewis, Jr., of Boston, Mass., for appellee.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

PER CURIAM.

This is an action by a tenant to recover from his landlord the statutory penalty provided in § 205(e) of the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S. C.A.Appendix § 925(e), on account of nine monthly overcharges of rent. Judgment for the plaintiff is affirmed on the opinion of the District Court, which fully and convincingly answers the defenses set up. 58 F.Supp. 235.

■ Under the Rent Regulation, the maximum rent was fixed at $50 a month, the rent being charged on the freeze date, March 1, 1942. At this time no mechanical refrigerator was supplied with the housing accommodation. On February 20, 1943, the landlord leased to the plaintiff the premises in question, including a mechanical refrigerator as part of the equipment, for a term of seventeen months beginning April 1, 1943, at a rental of $55 a month. This sum was paid and received in each of the nine months of 1943 covered by the lease. The regulation clearly provides that where a landlord supplies furnishings and equipment in substantial addition to what he was supplying on the freeze date, he nevertheless may not increase the rent until he has applied for and obtained from the Office of Price Administration an upward adjustment of the maximum rent.

■ We are also convinced, for the reasons set forth by the District Court, that there are nine separate violations here, to each of which the statutory penalty of $50 is applicable, rather than one violation as claimed by the defendant. It is of no consequence that the tenant went into possession under a lease for seventeen months. The rent was equally apportioned to each month's occupancy—$55 payable each month, which was $5 in excess of the legal maximum of $50 per month. Defendant's notion of the seventeen-months' term as a unit—as a single estate or "commodity", which it may be for some purposes of real estate law—would lead to the conclusion here that the maximum rent for this single estate is 17 x $50, or $850, and that the regulation is not violated until the aggregate of the successive monthly payments of $55 exceeds $850. On this view, if the term of the lease were, say, five years, the Act might well have expired before the aggregate monthly payments constituted a violation of the regulation. The defendant concedes that this cannot be the meaning of the regulation, and that the first payment and receipt of $55 under the lease constituted a violation. If so, the plaintiff was then entitled to sue for and obtain the statutory penalty of $50 for that violation. Would this have exhausted the sanctions of the statute, leaving the landlord free to collect $55 per month for the succeeding months? Obviously not. The receipt of the second, and each succeeding payment of $55, would be separate violations, and if willfully done would be criminal offenses. The $50 statutory penalty remains as an incentive to the tenant to enforce the regulation for as many times as it may be violated during the succeeding months.

■ The result is no doubt harsh in this case, where the landlord acted innocently in making the overcharges. But as originally enacted, and as applicable here, the Act gave the tenant the right to recover

the same penalty whether the violation was willful or not. The rigors of § 205(e) have been mitigated, but only prospectively, by § 108(b) of the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix § 925 (e), the legislative history of which clearly indicates that Congress, by such amendment, intended among other things to obviate for the future the hardship in the very type of situation here presented.[1]

The judgment of the District Court is affirmed, with costs to the appellee.

---

[1] The Report of the Senate Committee on Banking and Currency (Report No. 922, 78th Cong., 2d Sess., p. 13) makes this statement:

"Section 108 of the bill amends subsection (e) of section 205 of the Emergency Price Control Act. This subsection now provides for bringing actions for damages against sellers of commodities or landlords on account of overcharges in violation of the applicable maximum price or maximum rent. In the case of the sale of commodities for use or consumption other than in the course of trade or business, which is generally the ordinary sale at retail, and in the case of rents, the action may be brought only by the person who buys the commodity or pays the rent. In other cases, the buyer is not entitled to bring suit and suit may be brought by the Price Administrator on behalf of the United States. The amount for which the person making the overcharge is liable in an action under this subsection is either $50 or treble the amount of the overcharge, whichever is the greater. No discretion to fix a smaller amount is allowed the court. Thus, if there is a series of overcharges, the purchaser is entitled to recover at least $50 for each such overcharge. For example, if a roomer who pays his rent by the day is overcharged 50 cents a day for 10 days, he is entitled under the present law to recover $500 from his landlord even though the aggregate amount of the overcharges is only $5.

"This bill amends the present law with respect to the amount of damages which may be recovered in actions under this subsection. With respect to the $50 minimum, it is provided that the purchaser may recover only one $50 for all of the overcharges which he has paid to a given seller prior to the bringing of the suit."

See a similar statement in the Report of the House Committee on Banking and Currency (Report No. 1593, 78th Cong., 2d Sess., p. 8). See also the Conference Report (H. Rep. No. 1698, 78th Cong., 2d Sess., p. 23).