## McKINNON v. KALWAR.

### Civ. A. No. 2945.

District Court, D. Massachusetts.

March 1, 1945.

Roger B. Brooks, of Boston, Mass., for plaintiff.

Solomon Mondlick, of Boston, Mass., for defendant.

FORD, District Judge.

This is an action in which the plaintiff seeks to recover from the defendant under Section 205(e); 50 U.S.C.A.Appendix § 925(e), of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 901 et seq., $50 for each alleged violation of Maximum Rent Regulation No. 53, which was issued by the Price Administrator in conformity with the authority vested in him pursuant to said act. Regulation No. 53, which became effective on November 1, 1942, includes within its scope the Eastern Massachusetts Defense Rental Area (Sec. 1388.281(29), wherein Suffolk County,

Massachusetts, is situated. Section 1388.-284(a) of said Regulation provides:

"Maximum Rents. Maximum Rents (unless and until changed by the Administrator as provided in Section 1388.285) shall be:

"(a) For housing accommodations rented on March 1, 1942, the rent for such accommodations on that date."

### The Facts.

The plaintiff rented and occupied for dwelling purposes Suite 12 at 4 Elko Street, Brighton, County of Suffolk, Massachusetts, within the Eastern Massachusetts Defense-Rental Area, on January 1, 1943 as a tenant-at-will at a monthly rental of $47.50 and continued to rent and occupy said premises under said terms until May 31, 1944. At the commencement of plaintiff's occupancy, one Mosier was owner of the property. Mosier subsequently sold the property to the Prudential Insurance Company, which sold it to the defendant on September 1, 1943. The total period of plaintiff's occupancy with the defendant was nine months during which period the plaintiff paid to the defendant nine payments of $47.50 for rent for each of the nine months.

On March 1, 1942, the freeze date of Regulation 53, said suite was occupied by one John Cox and his wife as tenants-at-will. I find as a fact the rent charged on the freeze date was $42.50 a month.

In June, 1943, the Prudential Insurance Company, then owner, filed what purported to be a corrected rent registration statement stating the rental to be $47.50 on March 1, 1942. This owner's information concerning the amount of the rent received on the freeze date could hardly be said to be reliable.

The Prudential Insurance Company made no investigation of its own with respect to the rent of the freeze date. The defendant has neither filed nor caused to be filed a rent registration statement.

The defendant contends that the filing of the corrected rent registration statement with the Price Administrator and the sending of a copy thereof to defendant's tenant established the "maximum legal rent" which defendant could charge, and that until the Administrator reduced the maximum legal rent as reflected in the "corrected registration" filed by the Prudential Insurance Company upon proper

application, plaintiff was legally entitled to the rent set forth on the registration statement as the maximum legal rent regardless of the fact that the registration statement was false since it did not state the rent correctly as of March 1, 1942.

Form DD-U on which landlords file registration statements seeks information to aid the Administrator in establishing a maximum legal rent in cases requiring the exercise of his judgment and discretion. The first of several items states: "Rent on 'Maximum Rent date,'" which is March 1, 1942 in the Eastern Massachusetts Defense Rental Area. To this query the Prudential Insurance Company in its corrected rent registration statement answered "$47.50 per month." Upon this answer the Prudential Insurance Company itself filled in item 7, which states: "The Maximum Legal Rent for this Dwelling Unit is:", by inserting "$47.50" thereafter. The Administrator thereupon stamped this statement "Maximum Rent Subject to Examination and Review" indicating, the defendant contends, that $47.50 was the approved maximum legal rent. It is upon this set of circumstances that the defendant bases his argument.

Section 1388.284(a) of Regulation 53, supra, states that the maximum legal rent is the same as the rent on the maximum rent date—March 1, 1942. The Administrator does not review cases where the maximum legal rent is based solely on the rent charged on March 1, 1942 unless there is a change of or unusual circumstances which could warrant his finding a maximum legal rent different from that charged on the maximum rent date. There is no such change of or unusual circumstances present in this case; it seems apparent, in the absence of any evidence regarding its meaning, that the stamp used by the Administrator, seemingly approving the owner's statement of the maximum rent as the legal maximum rent that could be charged, was placed on the "corrected registration" in reliance upon the fact that the representation made by the owner was true. This case involved no hearing or a contest of facts before the Administrator where he, in his discretion, established a maximum legal rent. The registration statement in question in no way established a maximum legal rent different from the rent charged for said suite on the freeze date. Sec. 1338.284(a) of Regulation No. 53, supra, is quite clear with respect to how the max-

imum rent is determined; in this case $42.50, the monthly rental paid on March 1, 1942 for the same accommodations with which plaintiff was furnished, is the maximum legal rent that the defendant was authorized to charge.

Conclusions of Law.

■ Plaintiff may recover $50 for each of the nine violations of the act, aggregating $450, plus $75 attorney's fee, and costs. Cf. Thierry v. Gilbert, 1 Cir., 147 F.2d 603, affirming D.C., 58 F.Supp. 235.

Judgment for the plaintiff in the sum of $525 plus costs.