GEORGE JEROME, Appellant, v. HENRY YUDT et al., Respondents.

Supreme Court, Appellate Term, First Department, January 11, 1946.

*Sol S. Ostertag* for appellant.

*Joseph S. Rodell* for respondents.

*John B. O'Brien, Regional Attorney (Harold F. Garrahan* of counsel), for Office of Price Administration, *amicus curiæ.*

HAMMER, J. Action by tenant under subdivision (e) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [e]) to recover $198, treble damages based on the allegation that on March 1, 1943, the rent was $45 a month, and for each of the twenty-two months thereafter defendants collected $48 a month.

Appellant's counsel concedes his error in demanding recovery based on the increased rental paid from June to October, 1943, inclusive, the prohibition prescribed by subdivision (a) of section 2 of the Rent Regulation for Housing in the New York City Defense-Rental Area (8 Federal Register 13915) having become effective on and after November 1, 1943.

The evidence shows that prior to defendants' ownership of the building containing the demised apartment, under a monthly letting, the rent had been fixed at $48 a month, but that because of the tenant's financial inability the landlord had accepted and given receipts for $45 a month from August, 1942, to May, 1943, inclusive. In June, 1943, after the landlord painted the apartment, the rental was increased to $48, and was paid monthly to and including January, 1945. Further, it appeared that in a summary proceeding for nonpayment of rent the trial judge, in the landlord's final order, fixed the reasonable value

of the use and occupation of the apartment at $48 a month, and such payments were made for February, March and April, 1945. In the circumstances, in the absence of fixation of the maximum rent by the Office of Price Administration, it is clear that the maximum rent was $45 a month, the sum paid for March, 1943, and the fact that from June, 1943, the tenant without objection paid $48 a month is immaterial, because he could not waive the benefit of subdivision (a) of section 2 of the Regulation.

That the Municipal Court fixed the value of the use and occupation of the premises at $48 a month is no defense, for under the Regulation (§ 13, subd. [a], par. [10]; 8 Federal Register 13919) any payment by the tenant to the landlord, however designated, is rent when it is demanded or received for or in connection with the use or occupation of housing accommodations or the transfer of a lease of such accommodations, and the power to change the maximum rent is vested exclusively in the administrator by section 4 (8 Federal Register 13915).

As to plaintiff's damages, by subdivision (e) of section 205 of the Emergency Price Control Act, applicable to excess rent paid prior to July 1, 1944, the tenant was authorized to bring an action within one year after payment, either for $50 or for treble the amount by which the consideration exceeded the maximum rent, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court.

By said section as amended by the Stabilization Extension Act of 1944 the landlord, as to violations occurring after July 1, 1944, is liable in an action brought within one year after such violations, for attorney's fees and costs as determined by the court plus whichever of the following sums is the greater: " (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: *Provided, however,* That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation."

As to whether the penalties prescribed by subdivision (e) of section 205 are cumulative we have conflicting decisions. In our State courts *Ward* v. *Bochino* (181 Misc. 355, affd. 268 App. Div. 814 [4th Dept.]) and *Gordon* v. *Hochberg* (182 Misc. 117 [App. Term, 2d Dept.]), followed by this court in *Posnick* v.

*Hotel Cameron, Inc.* (N. Y. L. J., Dec. 15, 1944, p. 1714, col. 5), hold that the liability is not cumulative; while *Grzybicki* v. *Friedman* (269 App. Div. 368 [2d Dept.]), in accordance with the decision of the highest Federal court, called to our attention, which has passed on the question (*Gilbert* v. *Thierry,* 58 F. Supp. 235, affd. *sub nom. Thierry* v. *Gilbert,* 147 F. 2d 603) holds that the liability is cumulative. Incidentally it is notable, from a practical standpoint, that each of the foregoing actions (except the *Posnick* case, *supra*) was brought to recover the accumulated $50 penalties based on the overcharges, not, as here, for treble the accumulated overcharges, and that in the *Ward* case (*supra*) while treble the amount of the accumulated overcharges amounted to $46.50 the sum of the accumulated $50 penalties based on the fifty cent overcharge was $1,550.

In *Sola Electric Co.* v. *Jefferson Co.* (317 U. S. 173, 176) the court says: " It is familiar doctrine that the prohibition of a federal statute may not be set at naught, or its benefits denied, by state statutes or state common law rules. * * * When a federal statute condemns an act as unlawful, the extent and nature of the legal consequences of the condemnation, though left by the statute to judicial determination, are nevertheless federal questions, the answers to which are to be derived from the statute and the federal policy which it has adopted. To the federal statute and policy, conflicting state law and policy must yield."

Guided by what we deem as controlling authority we hold that plaintiff is entitled to judgment for $27, treble the amount of the accumulated overcharges from April 1, 1944, to July 1, 1944. As to overcharges subsequent to said date under the stabilization amendment to subdivision (e) of section 205, and attorney's fees, the amount of defendants' liability must be determined in the court below.

The judgment should be reversed, with $30 costs, and judgment directed for plaintiff in the sum of $27, treble the accumulated overcharges, in accordance with subdivision (e) of section 205 of the Emergency Price Control Act for the period from April 1, 1944, to July 1, 1944; and as to violations subsequent to July 1, 1944, action remitted to the court below for determination of the amount of defendants' liability on said violations, and attorney's fees, in accordance with said subdivision (e) of section 205 as amended by the Stabilization Extension Act of 1944.

SHIENTAG and HECHT, JJ., concur.

**Judgment reversed, etc.**