JAMES COLLINS, PLAINTIFF-RESPONDENT, v. WILLIAM
ADAMS AND ANOTHER, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 27, 1952—Decided November 10, 1952.

Before Judges McGeehan, Bigelow and Jayne.

*Mr. Harry Cohn* argued the cause for the respondent.

*Mr. J. Bernard Johnson* argued the cause for the appellant B. Walter Robinson (*Messrs. Johnson and Johnson,* attorneys).

The opinion of the court was delivered by

Bigelow, J. A. D. This was an action on the Federal Housing and Rent Act, *U. S. C. A., Tit.* 50, *App.* § 1891, *et seq.,* to recover triple damages for rent paid in excess of the maximum set by the Office of Price Administration. The jury brought in a verdict against Adams and Robinson, the two defendants, for the full amount asked. Only Robinson appeals.

The first point argued is that the verdict was against the weight of the evidence. The premises in question were the third floor, six rooms, of No. 211 Thirteenth Avenue, Newark. The maximum rent had been established ten years ago at $24 a month, and had never been changed. On November 14, 1950, the plaintiff Collins rented the flat at $120 a month; he took possession and paid the stipulated rental for eight months. Plaintiff's rental agreement was made with Adams and to him plaintiff paid the rent for the eight months, except perhaps $60 in all, that he may have paid to Robinson. The verdict against Robinson cannot stand on any theory, except that Adams was acting as the agent of Robinson.

Both defendants testified that Robinson, who was the owner of the property, had rented the third floor to Adams in 1948; that Adams lived in the flat himself for nearly two years, then moved to other quarters and sublet to plain-

tiff, and that Robinson never demanded or received any of the rent paid by plaintiff, or shared in it in any way. But plaintiff, his wife and his son-in-law testified that on two or three occasions, Robinson asked plaintiff for that month's rent and each time plaintiff replied he already had paid Adams. The same three witnesses related a more important occurrence that they testified happened at the end of the eight-month period. Plaintiff seems to have had a dispute with Adams and consulted a lawyer. The lawyer inquired into the rent ceiling for the flat, found that it was $24, and advised plaintiff to pay no larger sum. Plaintiff followed this advice when the July rent fell due and thereupon Robinson came up to the apartment to see plaintiff. "He told me he had been getting $120 a month and he wasn't going to take no less than $120. Before he would take any less he would stick fire to it and burn it up." The defendants swore to the contrary.

These conflicts presented a question for the jury. If they believed the testimony of the plaintiff and his family, they could infer that Adams had been acting as Robinson's agent, and that Robinson was equally liable with Adams. The evidence sufficiently supports the verdict.

The appellant also points out that the ceiling price had been set for the flat unfurnished, without a heating stove or refrigerator, and without hot water, heat or light. When Adams moved out and rented the rooms to plaintiff, he left in the apartment his own furniture, electric refrigerator and stove, all of which he included in the letting and he also agreed to supply oil for the stove and to pay for gas and electricity. Appellant argues that the maximum price of $24 was inapplicable to this letting because it embraced the furniture and the additional services.

The rule is settled that when the maximum rent has been fixed for any controlled housing accommodations in an unfurnished state and thereafter they are rented furnished, or with additional services included, the maximum remains in effect until it is adjusted or a new maximum

is established. *Thierry v. Gilbert,* 147 *F. 2d* 603 (1 *Cir.,* 1945); *Forde v. U. S.,* 189 *F. 2d* 727 (1 *Cir.,* 1951). By statutory definition "housing accommodations" include not only the real estate but "all privileges, services, furnishings, furniture and facilities connected with the use or occupancy of such property." § 1892(b). In making adjustments in the maximum rent, among the relevant factors to be considered are "increases or decreases in living space, services, furniture, furnishings, or equipment." § 1894(b)(1)(D). Since no adjustment of the ceiling rent had been made in the present case, the maximum which had been established in 1942 remained in effect.

The judgment is affirmed.