Pette, J.
Plaintiff instituted this action for a declaratory judgment to determine the rights of the parties under a lease executed April 26, 1948, for a combined letting of a store and part of a basement, together with a four-room apartment above the store, at No. 116-02 Merrick Boulevard, Jamaica, County of Queens.
The pertinent facts are as follows: (1) On or about April 26, 1948, a written lease was executed between Lottie Kalishman, as landlord, and Frank Berilson, as tenant, for the demised premises, at a graduated rental for a term of eight years and five months, commencing May 1, 1948; (2) plaintiff is the *771 successor-in-interest to the former owner-landlord; (3) defendant is the assignee of the former tenant under an agreement of assumption of the lease; (4) the Temporary State Housing Rent Commission, in August, 1954, ordered the separation of the dwelling space or apartment from the store portion and determined the rental therefor at the rate of $50 per month, as of 1953; (5) defendant entered into possession and paid the specified rent for the store, part of the basement and four-room apartment up to April, 1954; (6) and thereafter refused to pay rent for any part of the premises until the rent for the apartment was fixed by the Temporary State Housing Rent Commission; (7) the rental provided for in the original lease is $110 per month, starting October 1, 1951, up to and including September 30, 1956.
Landlord plaintiff contends that the rent for the store and part of the basement is $60, computed as the difference between the rent fixed for the apartment and the rent of $110 reserved for the combined letting of store, apartment, and basement.
Tenant defendant challenges this position upon the grounds: (a) that the lease is illegal and does not comply with the emergency rent law in that no statement of emergency rent has been furnished him; (b) and that no emergency rent has been established for the store and basement, as provided for in the Commercial or Business Rent Laws (L. 1945, chs. 3,314, as amd.).
The basic questions presented herein are: (1) whether this court has jurisdiction, by way of a declaratory judgment, to fix the emergency rent for that portion of the demised premises used for commercial purposes consisting of the store and part of the basement; (2) whether the plaintiff landlord has an adequate remedy at law under the Commercial Rent Law.
Concededly, the Temporary State Housing Rent Commission had the jurisdiction and power to segregate the four-room apartment from the combined letting with the store and basement, and to fix the rent therefor in the sum of $50 per month. (State Residential Rent Law, L. 1946, ch. 274, as amd.; Ivanovsky v. Paladino, 115 N. Y. S. 2d 596; Serxner v. Elgart, 196 Misc. 1053; G. M. G. Realty Co. v. Spring, 191 Misc. 945; Jerome v. Yudt, 186 Misc. 408; Stott v. Croydon Syndicate, 81 N. Y. S. 2d 492.) Any attempt at fixation of reasonable residential rent by a Municipal Court is without effect. (Ivanovsky v. Paladino, supra.)
The Supreme Court has the power to declare rights and other legal relations under section 473 of the Civil Practice Act, and has discretion to decline to pronounce a declaratory judgment if, in its opinion, the parties should be left to relief by existing *772 forms of action, or for other reasons. (Rules Civ. Prac., rule 212.) The fact that plaintiff might have another remedy available does not necessarily require this court, solely for that reason, to refuse to exercise the power conferred by section 473 of the Civil Practice Act. (Woollard v. Schaffer Stores Co., 272 N. Y. 304, 311, 312; Rosenfeld v. American Art Textile Print. Co., 115 N. Y. S. 2d 21.)
As stated in the Rosenfeld case (supra) Mr. Justice Di Palco, sitting in Special Term of the Supreme Court, New York County, held (p. 24): “ The present actions, involving the construction and applicability of the Emergency Rent Control Statutes, are proper subjects for determination by declaratory judgment ”.
In the leading case of Simco Retail Stores of N. Y. v. Gross Constr. Co. (273 App. Div. 825, 826), the Appellate Division, Second Department, in a memorandum opinion, held: ‘ ‘ Action for a declaratory judgment to declare the rights of the parties under a lease, with especial reference to the effect thereon of the emergency rent laws * * * The dismissal of the complaint was an improvident exercise of discretion under the rule obtaining in this court in respect of actions for declaratory judgment to resolve divergent claims of parties under leases, in which it has been held that controversies of the character set out in the complaint herein are perculiarly the proper subject of determination in an action for declaratory judgment. (9506 Ditmas Ave. Corp. v. Brescia, 270 App. Div. 1031; Levco Theatre Corp. v. Mandy Amusement Corp., 262 App. Div. 776; Foreman v. Elaine Realty Corp., 240 App. Div. 490; Trustees of Columbia University v. Kalvin, 225 App. Div. 654; Raynolds v. Browning, King & Co., 217 App. Div. 443, affd. 245 N. Y. 623; Woollard v. Schaffer Stores Co., 272 N. Y. 304; Speyer v. Hamersley, 274 N. Y. 478; Dun & Bradstreet, Inc. v. City of New York, 276 N. Y. 198; Amusement Enterprises v. Fielding, 189 Misc. 625; Reiner v. Prudential Ins. Co. of America, 268 App. Div. 800; German Masonic Temple Assn. v. City of New York, 279 N. Y. 452; Borchard on Declaratory Judgments [2d ed.], pp. 603, 329-340) ”.
The Business Rent and Commercial Rent Laws were not designed to penalize landlords or to favor tenants, but to meet war emergencies. Said emergency rent laws, although broad in their scope, should receive a reasonable construction. (Sissias v. Perlmutter, 184 Misc. 174.) Bangar Realty Corp. v. Eisenberg (278 App. Div. 960) is an action for declaratory judgment by landlord of commercial space against the tenant thereof to declare the rights of the parties by reason of alleged agreements as to the rent, and cites Simco Retail Stores of N. Y. v. *773 Gross Constr. Co. (273 App. Div. 825, supra), and Kay-Cee Properties v. Lampert (277 App. Div. 952).
After due deliberation, and consideration of all of the evidence, and the testimony and of the authorities herein cited, I find that this is a proper application for a declaratory judgment and direct same in favor of plaintiff and against the defendant for the relief sought in the complaint.
This constitutes the decision of the court, pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice.