**DENNIS L. COPEMANN, Plaintiff**

**v.**

**GENE FRANCIS, Defendant**

# Civil No. 154-1963
# Municipal Court of St. Croix
# May 11, 1964

DUDLEY and BROWN, St. Croix, Virgin Islands, *for plaintiff*

YOUNG and ISHERWOOD, St. Croix, Virgin Islands, *for defendant*

MOORHEAD, *Municipal Judge*

This is an action to recover rent for the months of April and May, 1963. The tenant counterclaimed to recover from his landlord the statutory penalty provided for in 28 V.I.C., Section 844(a) on account of twelve monthly overcharges of rent. Landlord's reply claimed he was entitled to a higher rental as provided for "newly constructed housing or business accommodations," in 28 V.I.C., Section 834(3) as he had furnished the apartment at the request of the tenant. Both parties then moved for summary judgment.

The only point raised by the pleadings is whether the landlord can charge more than the maximum rent where he has supplied furniture for an apartment at the tenant's request. The premises in question was an apartment at No. 1C Western Suburb, Christiansted. It was first rented for $50 a month as an unfurnished apartment sometime in 1956 and under the rent control law this was the maximum rent which was not changed until May 21, 1963, when a rent change order was issued by the Price and Rent Control Agent changing the maximum to $93.86 effective June 1, 1963.

In 1960 this apartment was rented for $76 a month as partly furnished and on April 1, 1962, it was rented to the defendant for $90 a month as completely furnished. The rent was paid up to the end of March, 1963, and defendant moved in May, 1963, without paying for April or May.

The plaintiff points out that the ceiling price was for an unfurnished apartment, that apartment was completely furnished at the request of the defendant and at an expenditure of more than $400. Plaintiff argues that maximum price of $50 was inapplicable to this letting because it embraced the furniture which was "new accommodations."

■■ The rule is settled that when the maximum rent has been fixed for any controlled housing accommodations in an unfurnished state and thereafter they are rented furnished, or with additional services included, the maximum remains in effect until it is adjusted or a new maximum is established. Thierry v. Gilbert, 147 F.2d 603 (1 Cir., 1945); Forde v. U. S., 189 F.2d 727 (1 Cir., 1951). By statutory definition "accommodations" means any building structure or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living, dwelling or business purposes in the Virgin Islands, including land rented for the location of a superficiary house; 28 V.I.C., Section 831.

■■ The above statutory definition was qualified in Kress, Dunlap & Lane, Ltd., v. Carlos A. Downing, as Commissioner of Property and Procurement of the Virgin Islands, 4 V.I. 261, 193 F.Supp. 874 (1961), where the District Court, Maris, Circuit Judge, held that the public emergency which justified enactment of rent control legislation no longer existed with respect to high rental or luxury type housing accommodations, or to business accommodations, but that it continued to exist with respect to medium and low rental housing accommodations. The Court also held that the Rent Control Law, construed so

as to render it valid, required, on application of tenant for rent reduction, the fixing of a maximum rent which would provide landlord with a fair and equitable return on the value of his property.

In Thierry v. Gilbert, a landlord increased the rent because he added a mechanical refrigerator to an unfurnished apartment, and the Court held this was a violation of the rent control law. Similarly in Forde v. United States the Court of Appeals, Magruder, Chief Judge, held that defendant landlord could not evade maximum rental established by rent regulations for unfurnished apartment by entering into an alleged agreement with a new tenant under which tenant allegedly paid the maximum for bare rooms of the apartment and an additional sum monthly for the use of landlord's furniture.

■ Since no adjustment of the ceiling rent had been made in the present case prior to May 21, 1963, the maximum which had been established in 1956 remained in effect.

The plaintiff's motion for summary judgment is denied. The motion for summary judgment in favor of the defendant is granted and order in favor of defendant may be drawn in accordance with this opinion.