URSULA A. MILLER, Respondent, *v.* GIMBEL BROS., INC., Appellant.

(Argued April 12, 1933; decided May 23, 1933.)

*George J. Stacy* and *James J. Mahoney* for appellant.

*Frank J. Irving* for respondent.

*Per Curiam.* The plaintiff slipped and fell as she was about to enter the defendant's department store through a revolving door. She has recovered judgment for the consequent injuries. A short entranceway led from the street to the revolving door. The floor of Tennessee marble slanted downward. On that day there was a heavy rainfall, the floor was wet and there was some mud in a corner of the revolving door.

The cause of plaintiff's fall is not shown by any direct evidence. It does not appear that the plaintiff slipped upon the mud at the door or that the movement of the door was impeded. We may assume that rain water may make the smooth sloping floor somewhat more slippery than if the floor were dry. None the less it does not appear that the floor even when wet was dangerous. The owner of a store must take reasonable care that his customers shall not be exposed to danger of injury through conditions in the store or at the entrance which he invites the public to use. He cannot prevent some water and mud being brought into an entranceway on a rainy day and he is not responsible for injuries caused thereby unless it is shown that the construction of the store is inherently dangerous or that he failed to use care to remedy conditions which had become dangerous, after

actual or constructive notice of such conditions. That has not been shown here.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgments reversed, etc.