DAVID RICHMAN, Respondent, *v.* STANLEY MARK STRAND CORPORATION and Another, Appellants.

ROSE RICHMAN, Respondent, *v.* STANLEY MARK STRAND CORPORATION and Another, Appellants.

CRAPSER, J. The accident happened in the theatre of the defendants in the city of Troy on the 14th day of May, 1931, at about two o'clock in the afternoon. It rained hard all day. Rose Richman, the injured plaintiff, walked to the theatre, four blocks from her home. The sidewalks which she used were wet and muddy. She was wearing rubbers. On the outside of the theatre there was a marquee with a glass cover from the building to the curb. People were going into the theatre with umbrellas which caused the lobby and floors to become wet and somewhat muddy. The floor of the theatre was concrete and was covered with a rubber composition which was cemented to the surface of the concrete floor and covered the entire aisle where the accident happened. It was in good condition. The picture had started at the time she arrived at the theatre. There were three fixtures lighted on the side with two bulbs in each fixture and the usual exit lights required by law were lighted. The defendants caused the floor to be mopped up every ten or fifteen minutes. Many people had used the theatre that afternoon and while some slipped Rose Richman was the only one who fell. It was the duty

of the defendants to take reasonable care that the patrons of the theatre should not be exposed to danger or injury through conditions in the theatre or at the entrance; they could not prevent the wet weather and the mud being brought into the entranceway on a rainy day, and they were not responsible for injuries caused thereby where there is no proof that the construction of the theatre or aisles were inherently dangerous or that they failed to use care to remedy conditions which had become dangerous. There are no contradictions of the evidence in this case that the floors and aisles were mopped frequently to take up moisture and dirt brought in by the patrons. The floors of the kind in use here were in use in theatres and public places; they are slippery when wet, but the use of such materials is not in itself negligence, and if people fall because the surface is hard and smooth there is no liability for injuries so suffered. The evidence failed to show any negligence on the part of the defendants that warranted the submission of any question to the jury. (*Miller* v. *Gimble Bros., Inc.*, 262 N. Y. 107; *Tryon* v. *Chalmers*, 205 App. Div. 816.) The motion for a nonsuit should have been granted. The judgments and orders should be reversed and the complaints dismissed, with costs.