9506 DITMAS AVE. CORPORATION, Appellant, v. PASQUALE BRESCIA et al., Copartners Doing Business under the Name of BRESCIA FURNITURE COMPANY, Respondents.— In an action for a declaratory judgment as to the rights of the parties under a lease agreement, particularly in view of the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1945, ch. 315), order granting defendants' motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action and directing that judgment be entered dismissing the complaint on the merits, reversed on the law, with $10 costs and disbursements, and the motion denied, without costs, with leave to defendants to answer within ten days from the entry of the order hereon. The complaint sets forth sufficient facts to indicate that the jural relations of the parties are disturbed and that their rights are in dispute, and that it is not proper to determine on a preliminary motion whether a declaratory judgment should be granted or denied. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

MARY PETRIZZELLI et al., Respondents, v. F. W. WOOLWORTH Co., Appellant.— Action by plaintiff Mary Petrizzelli to recover damages for personal injuries sustained when she slipped and fell on the floor of a store operated by defendant, and by her husband to recover for medical expenses and loss of services. Judgment of the City Court of Yonkers in favor of plaintiffs reversed on the law and the facts, and a new trial ordered, with costs to abide the event. In our opinion, plaintiff wife's proof that the sloping floor inside the store where she fell was covered by an accumulation of slush and water to the depth of one quarter of an inch, and that the condition had existed for at least an hour prior to the accident, established a prima facie case of negligence, requiring the submission to the jury of the question of defendant's reasonable care in the management and operation of its store. (*Richman* v. *Stanley Mark Strand Corp.*, 266 N. Y. 494; *Redmond* v. *Staten Island Coach Co.*, 270 App. Div. 823.) However, the court erroneously charged, in substance, that plaintiffs could recover only if the presence of a paper bag and other pieces of paper on the floor contributed to its dangerous condition. Even under that theory, there was no testimony in the record to support the finding implicit in the jury's verdict that the paper had any causal connection with plaintiff wife's fall. Lewis, P. J., Carswell, Johnston, Adel and Aldrich, JJ., concur.

SIGMUND POLLACK, Appellant, v. JAMES T. ASPBURY et al., Respondents.— Order changing place of trial from the county of New York to the county of Dutchess affirmed, without costs. No opinion. Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISAIAN BATSON, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the appellant of possessing and controlling a narcotic drug (Public Health Law, § 422; Penal Law, § 1751-a), and imposing sentence thereon, unanimously affirmed. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN COSSMA, Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law (leaving the scene of an accident without reporting), unanimously affirmed. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.