MYRTLE L. PIGNATELLI, Respondent, *v.* GIMBEL BROTHERS, INC., Appellant.

First Department, April 26, 1955.

*John Nielsen* of counsel (*John P. Smith,* attorney), for appellant.

*Zenaida Drabkin* of counsel (*Grace H. Connell,* attorney), for respondent.

BOTEIN, J.  After a complete trial, the jury returned a verdict in favor of plaintiff, who, after entering the vestibule of defendant's store, slipped on some mud and was caused to fall and sustain substantial injuries.

Defendant, relying upon the leading case of *Miller* v. *Gimbel Bros.* (262 N. Y. 107) contends that plaintiff failed to make out a prima facie case.  So much reliance has been placed by other defendants on the *Miller* decision in other cases of this type that it will bear analysis.  The only circumstance that the *Miller*

case and this one appear to have in common is that both accidents occurred at different entranceways to defendant's department store.

In the *Miller* case plaintiff fell on a floor of Tennessee marble that slanted downward. It was raining, the floor was wet, and there was some mud in a corner. In dismissing the complaint, the Court of Appeals did not hold that these conditions, in another pattern of proof, could not become ingredients of actionable negligence. The court pointed out that the cause of plaintiff's fall was not shown by any direct evidence, and that it did not appear that the floor was dangerous, even when wet.

A reading of the record indicates that Mrs. Miller could not possibly have recovered, for the simple and conclusive reason that she failed to give any explanation at all of what caused her to fall. The following is literally all of the testimony in the case relating to the actual occurrence of the accident: " A. As I went to push the revolving door, it did not move, and I pushed again and I slipped and I fell forwards on my head and my hip and my shoulder."

The Court of Appeals in the *Miller* case did take occasion to enunciate general rules governing the reasonable care required of a storekeeper so that " his customers shall not be exposed to danger of injury through conditions in the store or at the entrance which he invites the public to use. He cannot prevent some water and mud being brought into an entranceway on a rainy day and he is not responsible for injuries caused thereby unless it is shown * * * that he failed to use care to remedy conditions which had become dangerous, after actual or constructive notice of such conditions " (pp. 108, 109).

The proof in this case fully meets those standards. It had rained heavily for many hours, stopping about four or five hours before the accident occurred. At the time of the accident there were puddles of water, mud and debris in the streets and in the gutters, and some puddles and debris on the sidewalks. The sun never emerged that day. Plaintiff entered the vestibule of defendant's store, which had a terrazzo floor sloping down ten inches towards a revolving door. There were no mats on the floor, which was wet and had accumulations of dirt, mud and debris. As she approached the revolving door the heel of her right foot slipped on some mud and she was thrown to the floor.

An expert testified that a terrazzo floor will become slippery when wet, and that rubber mats are usually employed to overcome that condition. Various employees of defendant also testified that moisture made the terrazzo floor slippery; and that to

protect its customers defendant provided three rubber mats for the vestibule floor, to make walking on that floor safe and secure for its patrons. It was the duty of the porters to put the mats down when it rained, and they were generally removed about an hour after the rain had stopped. Although such a general practice had been adopted defendant failed to adduce any testimony with respect to the actual practice followed during the day of the accident.

The jury was presented with ample evidence from which, pursuant to an adequate and appropriate charge, it could reasonably have found that defendant was negligent. It could have found from the circumstances of the case that there were accumulations of mud upon the floor, upon which plaintiff testified unequivocally that her heel had slipped; and that this constituted a dangerous condition which the defendant was under a duty to remedy. It could have found that defendant knew or should have known that it had rained heavily for a long time and that when the accident occurred the streets and sidewalks were still wet and muddy. Defendant knew that under such conditions patrons of the store tracked mud and water into the vestibule; and that when so moistened, with accumulations of mud upon it, the terrazzo floor became dangerously slippery. From its experience defendant knew measures had to be taken to protect the public and so had adopted rules requiring the porters to lay mats in the vestibule on rainy days — a commonly accepted precautionary measure. Defendant therefore could reasonably have anticipated that an accident such as befell the plaintiff might occur. Accordingly, whether or not defendant was negligent in failing to employ means readily available to avert the danger was a question of fact for the jury.

Finally, the jury was justified in concluding that either defendant had not placed the rubber mats in the vestibule at all, or that if it had, the mats had been removed prematurely. Either conclusion would support a finding that defendant had been negligent.

In the following cases recovery was allowed under fairly related circumstances: *Thompson* v. *Palladino* (275 N. Y. 633, affg. 250 App. Div. 817); *Richman* v. *Stanley Mark Strand Corp.* (266 N. Y. 494, affg. 241 App. Div. 633); *Bleakley* v. *Woolworth Co.* (266 App. Div. 743); *Lefkowitz* v. *144 West Corp.* (277 App. Div. 1143); *Gluck* v. *Sunapee Realty Corp.* (257 App. Div. 658), and *Petrizzelli* v. *Woolworth Co.* (270 App. Div. 1031).

True, in all these cases it was raining at the time that the accident occurred, while in this case it had stopped raining four or five hours prior to the happening of the accident. This may have been impressive evidence to be weighed by the jury, tending to exculpate defendant, but neither in experience nor in logic should it operate to bar recovery as a matter of law. Precautionary measures in a case such as this should not necessarily be regulated by whether or not the rain had stopped, but by the condition of the pavements. It might have been safe to pick up the mats within a half hour after a sun shower, if the streets or sidewalks had dried. It might have been negligent to remove the mats a day after the rain had subsided, if it left a flood condition in its wake.

The judgment appealed from should be affirmed.

CALLAHAN, J. (dissenting). Insofar as the main charge was concerned, this case was submitted to the jury solely on the theory that plaintiff was caused to fall by reason of a dangerous condition, which she described as an accumulation of moisture, rain, mud and debris in the entranceway of the store causing her to slip and sustain injury. Plaintiff had testified specifically that she slipped on some mud.

There was no proof in the record that the defendant had notice of any such dangerous condition. The defendant appeals on the ground of the absence of proof of notice.

We are now upholding the judgment on the theory that the failure to supply a mat at a time five hours after the end of a rainstorm justified a verdict in plaintiff's favor, because the defendant should have known that such mat was required in view of the fact that there was still some moisture in the streets.

After the main charge, several requests were made specifically referring to a practice to use mats and to the right of the jury to find negligence in the absence thereof. These requests were all refused. Thereupon, several other requests were granted in general language to the effect that it was the duty of a business establishment to take precautions to prevent known danger, and that the failure to use such appliances as would keep the premises safe may be evidence of negligence. These were the only portions of the charge from which a jury could have found negligence on the theory of the absence of a mat.

When one considers the specific form of the requests previously denied, it would seem that the jury would not understand that these general statements permitted them to consider the absence of a mat as the basis of a finding of negligence, and

that, therefore, we are affirming the judgment on a theory not passed on by the jury.

I dissent, and vote to reverse the judgment appealed from and order a new trial.

PECK, P. J., BASTOW and RABIN, JJ., concur with BOTEIN, J.; CALLAHAN, J., dissents and votes to reverse and order a new trial, in opinion.

Judgment affirmed, with costs.