MELVIN L. KING, JR., Individually and as Guardian ad Litem of RICHARD M. KING, an Infant, Respondent, *v.* QUEEN ANNE FOOD PRODUCTS, INC., Appellant.

Fourth Department, May 14, 1958.

*Neal P. McCurn* for appellant.

*John C. Kinney* for respondent.

W<small>ILLIAMS</small>, J.  The infant plaintiff, 17 years old, was injured by a piece of glass from a plate glass window which was part of the defendant's retail store front and which broke during the storm known as " Hurricane Hazel." The boy had been in the store but had left and was on the front sidewalk when the injury occurred.

The window, eight by eight and one-half feet, had been held in place by a molded aluminum frame, and it is plaintiff's claim that the glass was loosely held in this frame, thereby increasing the danger of its breaking under the pressure of high winds. The testimony as to notice was given by the injured boy and his two companions who said they heard the window rattling and saw it moving about 20 minutes before it was broken by the wind which at times attained a velocity of about 75 miles per hour. A journeyman glazier was also sworn by plaintiff and stated that the testimony of the boys indicated that it had become loose over an extended period of time, although it was possible that it had become loose in this 20-minute period as the result of pressure from these high winds.

This testimony could not form the basis of a finding of timely notice to defendant of a dangerous condition. It was incumbent upon the plaintiff to show that there would have been reasonably adequate time to guard against a dangerous situation if any existed. (*Miller* v. *Gimbel Bros., Inc.*, 262 N. Y. 107; *Matter of Saracino* v. *Davey & McConnell, Inc.*, 284 App. Div. 913.) Here the notice, if any, existed about 20 minutes before the accident. Nor was there any showing that a reasonably prudent store owner should know that the rattling and movement indicated a danger that the window might give way and that reasonably prompt corrective steps were necessary.

Plaintiff relies primarily on the testimony of his expert witness who had no personal knowledge of the facts, to the effect that looseness of a window develops over an extended period of time and can be discovered by visual inspection or during washing. Not only was there no testimony as to such discovery or knowledge, but, in fact, the only testimony in this respect specifically denies such discovery.

Plaintiff cites *Birner* v. *Bickford's, Inc.* (280 App. Div. 911, affd. without opinion, 305 N. Y. 664) to support a recovery. Some aspects of that factual situation were comparable to the ones involved here, but the rattling of the windows there which formed the basis for the finding of notice took place a week before the accident rather than just a few minutes before. Further, the Appellate Division decision apparently was based on the fact that, although the defendant's district superintendent had ordered the tables moved away from the windows on the day of the hurricane, the tables were next to the windows at the time of the injury to plaintiff. This is entirely different than the situation in the present case where there is not the least indication that anyone, including the infant plaintiff, thought a dangerous condition existed. The Appellate Division in the *Birner* case may also have based its decision on constructive notice from the rattling of the windows but this is not clear.

Furthermore, to hold defendant responsible for this injury would place a burden of care far above the duty of reasonable or ordinary care which the defendant owed plaintiff. (*Nessinger* v. *Ontario County Agric. Soc.*, 3 A D 2d 971, affd. 4 N Y 2d 814.) This storm was " one of the most violent windstorms [in the area] to ever occur in October " and the force of the wind broke many other windows in the locality.

The judgment and order should be reversed and the complaint dismissed.

All concur, except BASTOW and HALPERN, JJ., who dissent and vote to affirm in the following memorandum: We think that

the plaintiffs made out a prima facie case warranting submission of the case to the jury. The jury had the right to find that the window pane was dangerously loose in its setting at the time of the accident and that this condition contributed materially to the occurrence of the accident. Furthermore, the jury had the right to find that the condition had existed for a sufficient length of time to charge the defendant with constructive notice. The expert for the plaintiffs testified that the looseness which gave rise to the rattling of the window on the night of the accident had developed " over an extended period of time." He explained that the screws holding the glass in position were loosened by vibration due to " traffic traveling by " or by the settling of the building or other causes " over a period of time." While there was no proof of the rattling of the window prior to the night of the accident, rattling is not the only way by which the looseness of a window can be ascertained. The expert for the plaintiffs testified that the looseness could be discovered by visual inspection or by putting pressure on the window in the course of washing it. It is, of course, immaterial that, according to the testimony of the defendant's employees, they had no actual notice of the condition; constructive notice is sufficient. It appeared that the window pane had been installed 17 years before the date of the accident and the setting had not been checked or tightened in all that time. Upon the whole case, the jury was justified in finding that if the defendant had exercised reasonable care, it would have discovered and remedied the defective condition long before the night of the accident.

Present — KIMBALL, J. P., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Judgment and order reversed on the law and complaint dismissed, without costs of this appeal to either party.