Bernard S. Meter, J.
The complaint herein seeks damages for a fractured shoulder sustained May 26, 1953 in the defendant’s store at Levittown, Long Island. At the end of plaintiffs’ case defendant moves for dismissal of the complaint. Motion granted.
Viewed in the light most favorable to the plaintiff, the facts are as follows:
The Weather Bureau report for New York City and vicinity on the day of the accident shows that for the hour ending at 3:00 p.m. there was .02 inches of precipitation, for the hour ending at 4:00 p.m. there was .03 inches of precipitation, for the hour ending 5:00 p.m. there was a trace too small to measure, and for the hour ending at 6:00 p.m. there was .01 inches of precipitation. The testimony of the infant plaintiff was that it had been raining in Levittown for one half to three quarters of an hour before the accident occurred. The testimony of his mother was that it had been raining in Levittown for from three quarters of an hour to an hour. The time of the accident is fixed at about 5:30 in the afternoon. The testimony of the infant plaintiff and his mother was that the floor at the point at which he fell was of tile and that there were water and a few wet papers and leaves on the floor. The infant plaintiff indicated that the water was in puddles approximately one quarter of an inch deep. The store manager, called by the plaintiff, testified that the floor is of terrazzo; that the store employed one porter who was under standing instructions to keep the aisles clean; that in rainy weather the policy was after mopping up to apply a drying preparation known as “felspar”; that terrazzo is dangerous when wet unless felspar is applied; that the store never used rubber mats; that on the day of the accident after 5:30 he had inspected the floor only casually and had noticed nothing unusual, and that he would have considered a wet floor to be unusual. The manager of defendant’s lunch counter, called as a witness by plaintiff, testified that there was a porter to keep the floor clean; that he went over the floor many times a day with a mop; *741 that she did not recall whether he had done so on the day of the accident.
The facts thus established do not make a prima facie case. The basic rule was enunciated in Miller v. Gimbel Bros. (262 N. Y. 107-108). In that case the Court of Appeals held that: “ The owner of a store must take reasonable care that his customers shall not be exposed to danger of injury through conditions in the store or at the entrance which he invites the public to use. He cannot prevent some water and mud being brought into an entranceway on a rainy day and he is not responsible for injuries caused thereby unless it is shown that the construction of the store is inherently dangerous or that he failed to use care to remedy conditions which had become dangerous, after actual or constructive notice of such conditions.” (See, also, Antenen v. New York Tel. Co., 271 N. Y. 558.) In cases essentially similar to the instant case the Court of Appeals and the Appellant Division, Second Department, have sustained dismissal of the complaint. (Holmes v. Hengerer Co., 303 N. Y. 677; Spaulding v. Christakos, 295 N. Y. 973; Feigenbaum v. City of New York, 271 App. Div. 787; Dolan v. Hotel Campbell, 260 App. Div. 872.)
Plaintiff relies on Petrisselli v. Woolworth Co. (270 App. Div. 1031) which held that proof that the sloping floor inside the store where plaintiff fell was covered by an accumulation of slush and water to the depth of one quarter of an inch, and that the condition had existed for at least an hour prior to the accident, made a prima facie case. The instant case is distinguishable since there is no showing here that the floor sloped nor is there any evidence how long the condition had continued prior to the accident.
Plaintiff relies, also, on Pignatelli v. Gimbel Bros. (285 App. Div. 625, affd. 309 N. Y. 902). That case concerned a sloping terrazzo vestibule in which there was a saucer-like declivity and over which defendant normally placed mats during a rainfall, which mats were not in place at the time the accident occurred. It is, therefore, clearly distinguishable from the instant case.
Plaintiff contends that the testimony that it had rained for at least one hour prior to the occurrence and that there were puddles a quarter of an inch deep was sufficient on the question of notice. The fact that it was raining is, of course, not notice of the existence of the particular condition of wetness at the time and place of the fall. Nor can the court infer such notice from the depth of the puddles alone. Such a conclusion would be mere speculation unless supported by additional testimony showing either the amount of traffic, the contour of the floor and *742 the size and number of puddles on the floor or similar data with respect to the particular puddle which plaintiff claims caused his fall.
In the absence of any showing of notice, plaintiff can succeed only if the construction of the floor is inherently dangerous. (Miller v. Gimbel Bros., supra.) It is not claimed that the mere use of terrazzo makes the floor inherently dangerous. While the testimony indicates that terrazzo when wet is dangerous, it also indicates that in order to avert that danger the store had adopted a policy of mopping and applying felspar whenever it rained. There is no showing that that policy was not being followed on the day of the accident nor is there any indication that the floor was other than level. While it was shown that rubber mats were not used, there was no showing that such mats were the only proper method to avert the danger of a slippery terrazzo floor or that the mopping and felspar method was not an adequate method of dealing with the problem on a level floor. In short, to paraphrase the language of the Appellate Division in the Pignatelli case (supra), there is no showing that defendant failed to employ means available to avert such danger as existed when the floor in question was wet.
The motion for judgment dismissing the complaint is accordingly granted. Submit judgment.