■   ANTOINETTE BOCCACCINO, Respondent, v. OUR LADY OF PITY ROMAN CATHOLIC CHURCH, Appellant, et al., Defendant.— Judgment, in favor of plaintiff against defendant-appellant, unanimously reversed on the law and on the facts, and the complaint dismissed on the law, with costs to appellant.   Plaintiff sustained injuries when she slipped and fell on a rubber tile covered floor while walking down the aisle of a church on Easter Sunday, April 6, 1958.   The proof showed that from 8:00 A.M. there had been traces of rain, and, as shown by the weather report, the rain became heavy at 10:00 A.M., about the time plaintiff left her home for the church to attend the 10 o'clock Mass.   There was also proof that the floor of the church was mopped between the Masses that morning.   Plaintiff's testimony was that there were no pools of water or mud where she fell.   The church could not prevent some water from being tracked into the building while it was raining.   Appellant, however, would be liable only if it failed to take reasonable precautions to prevent the floor from becoming so wet as to create a dangerous condition.   The presence of a normal amount of water would not establish a want of reasonable care (*Miller* v. *Gimbel Bros.*, 262 N. Y. 107; *Spalding* v. *Christakos*, 295 N. Y. 973; *Freedman* v. *Clinton Ct. Corp.*, 279 N. Y. 736).   Moreover, appellant would not be guilty of actionable negligence unless it failed to use care to remedy the condition after actual or constructive notice thereof (*Miller* v. *Gimbel Bros., supra; Spalding* v. *Christakos, supra*).   As already indicated, there was evidence that the rain

was light and intermittent until shortly before plaintiff arrived at the church, and the downpour, which may have resulted in the aisle becoming wet, started shortly before 10:00 A.M. Hence, there was no notice, constructive or otherwise, which gave the church an opportunity to remedy any condition of unusual wetness — if one existed — before plaintiff slipped and fell. Thus, plaintiff failed to prove a prima facie case of actionable negligence, and the complaint must be dismissed. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.