Benjamin Nevoso, Appellant, *v.* Putter-Fine Building Corp., Respondent.

First Department, April 18, 1963.

*Benjamin H. Siff* of counsel (*Paul Levine,* attorney), for appellant.

*E. Edan Spencer* for respondent.

BREITEL, J. Plaintiff, a tenant, sustained personal injuries when he slipped and fell on a terrazzo pavement outside the lobby entrance of the apartment building in which he resided. He was precipitated into and through a glass door opening on the lobby. The action was brought in negligence against the landlord for defective construction and improper maintenance. The court, at the conclusion of all the proof, and without submission to the jury, dismissed the complaint.

Because plaintiff established a prima facie case, the issues of fact should have been submitted to the jury. Consequently, the judgment dismissing the complaint should be reversed and a new trial granted.

The building housed some 50 to 60 tenants. Between the sidewalks and the lobby entrance to the building there was a sloping walk paved with terrazzo. The range of elevation was from 7 inches in 16 feet to 4½ inches in 16 feet, according to whose proof is accepted. On one side was a four-foot-high retaining wall, 8 to 12 inches thick, behind which was a landscaped garden, the surface of which was elevated with reference to the sloping walk. At the lower portion of the sloping walk, nearest to the lobby entrance, was a small, perforated square-covered circular drain, immediately in front of the lobby doors. Plaintiff's proof established, if believed, that over a number of years water oozed periodically from the retaining wall and flowed toward the drain, where a shallow pool of water collected. According to plaintiff's proof, the water collected in a depressed area, not in a straight line, but in a meandering path toward the drain. This happened whether or not the weather was rainy, because of the drainage from the watered garden. On the day of the accident the weather had been fair. It was on such a wet portion of the terrazzo pavement that plaintiff slipped, at 11 o'clock in the evening.

Plaintiff also proved that the condition was due to a failure to waterproof properly the retaining wall or to provide lateral drainage channels or trenches alongside the wall. Tenants testified that water collected in the depressed area near the circular drain, of which complaint had been made to the landlord's superintendent. One such complaint involved an accident.

The trial court dismissed the complaint on the ground that the mere slipperiness of terrazzo surfaces, even when wet, did not establish negligent construction on the part of an owner, and that there is no obligation to provide protective matting. The trial court relied on *Kline* v. *Abraham* (178 N. Y. 377); *Tryon* v. *Chalmers* (2 Actions) (205 App. Div. 816, appeals dis-

missed 240 N. Y. 580) and *Mitcheltree* v. *Stair* (135 App. Div. 210). These cases rest on the principle that various kinds of construction involving smooth surfaces or surfaces made smooth or worn in ordinary use are not, per se, a sufficient basis for grounding the possessor's liability to one injured as a result of a fall thereon. (See *Guercio* v. *New York Lerner Co.*, 63 N. Y. S. 2d 664, affd. 273 App. Div. 782; *Scott* v. *United States*, 158 F. Supp. 810.) The principle is not applicable because plaintiff's case here does not rest merely on defendant's use of terrazzo construction. Instead, there are involved plaintiff's proofs with respect to the conjunctive use of the retaining wall, the watered garden behind it, the nature of the drain placement, and the failure to protect against the consequences of such concurring factors.

In supporting the dismissal, defendant relies on the rule expressed in *Miller* v. *Gimbel Bros.* (262 N. Y. 107). The *Miller* case involved a sloping pavement of Tennessee marble at a shop entrance, and injury sustained by a customer, following a period of rainy weather. It was assumed that rain water would make the surface slippery, although not dangerously. It was pointed out that the owner could not prevent some water and mud being brought into the entranceway of its shop on a rainy day. Thus it was held that the owner could not be held responsible for injuries, unless there had been defective construction, or unless there had been a failure to take protective measures after notice of the dangerous condition.

It should be readily evident that the rule in the *Miller* case is not applicable on two distinct and separate grounds.

The first was carefully elaborated in *Pignatelli* v. *Gimbel Bros.* (285 App. Div. 625, affd. 309 N. Y. 901). That case involved a terrazzo pavement in front of a shop, which had become wet and slippery after hours of rain. Again, as in the *Miller* case, a customer sustained injuries in a fall on the pavement. There were accumulated puddles of water remaining some four or five hours after the rain had stopped. Plaintiff slipped on such an accumulation. It was held that a case had been made out for submission to the jury. The court pointed out that the jury could find that a dangerous condition had been created by the rain, of which, because of the passage of time, defendant knew or should have known, and that the placement of rubber mats, as was shown to be customary, could have been used to prevent accidents. In the present case, it was amply established, if plaintiff's proof were credited, that the water accumulations regularly occurred, irrespective of weather con-

ditions, and that a dangerously slippery surface was thus created. As a consequence, accidents did occur and were likely to occur unless protective measures were taken.

The second basic distinction between the facts in this case and those in the *Miller* case (and the *Pignatelli* case) is that here the water accumulations were controllable because created by the construction of the premises and their use. Unlike the precedents discussed, the owner here was not subject to the unpredictable vagaries of the weather. On the contrary, the watering of the garden at an elevated level, the construction of the retaining wall, and the construction of the terrazzo pavement with its circular drain in a depressed area, were the ascertainable and controllable causes of the periodic water accumulation. It was, therefore, within the power of the owner to prevent the presence of the water. Or, the owner could obviate the danger either by a change in construction or use, or by the use of protective mats. The condition suggested removal of the danger, or provision of protective measures, especially because of the proximity of the recurringly slippery surface to the glass entrance doors. Moreover, such a condition was one with respect to which the tenants of an apartment building were entitled to the exercise of reasonable care by the owner (Restatement, Torts, § 361; Prosser, Torts [2d ed.], pp. 471–473).

In short, the theory of plaintiff's case did not depend merely upon the fact that a terrazzo pavement is dangerously slippery when rain wet, to which the rule in the *Miller* case might be applicable. On the contrary, plaintiff's case depended upon proof that the dangerously slippery condition was, because of the conjunctive factors discussed, within the control of the owner and that the recurring condition was one of long-standing with respect to which the owner took no steps to prevent (cf. *Berman* v. *H. J. Enterprises*, 13 A D 2d 199, 203).

Accordingly, the judgment dismissing the complaint should be reversed on the law, with costs to plaintiff-appellant to abide the event, and a new trial granted.

BOTEIN, P. J., MCNALLY, STEVENS and EAGER, JJ., concur.

Judgment unanimously reversed upon the law, with costs to plaintiff-appellant to abide the event, and a new trial granted.