■ Adriane Keir, Appellant, v State of New York, Respondent.—Appeal from a judgment in favor of the State, entered December 10, 1991, upon a decision of the Court of Claims (Lyons, J.).

In this slip and fall case, the question was whether "under the prevailing conditions, the State fulfilled its duty to take appropriate measures" to maintain the vestibule where claimant fell in a safe condition *(Goldman v State of New York,* 158

---

\* Mention of the counterclaim is made in respondents' October 1988 motion for a stay of the adversarial proceeding.

AD2d 845, *appeal dismissed* 76 NY2d 764). As owner of the land, the State owed a duty to claimant to keep the vestibule in a reasonably safe condition considering all the circumstances *(see, Basso v Miller,* 40 NY2d 233). Under the facts of this case, we reject claimant's contention that the Court of Claims erred in determining that there was "no evidence that the [State's] method of remedying the problem was negligent". Claimant was required to show that the State "failed to use care to remedy conditions which had become dangerous, after actual or constructive notice of such conditions" *(Miller v Gimbel Bros.,* 262 NY 107, 108-109; *see, Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680). This claimant did not do.

The evidence at trial concerning the weather was that either sleet or freezing rain fell at various points during the day at issue. The State's response was for the janitor to spread "snow melt" outside the building twice, the second time at 1:20 P.M., and that he periodically mopped the vestibule including a mopping at 2:15 P.M., approximately 15 minutes before claimant's fall. The janitor also testified that people continually tracked in moisture from the outside. He also stated that the vestibule floor was damp but not wet *(cf., Van Stry v State of New York,* 104 AD2d 553). In addition, no comparable falls were shown to indicate that the remedy was inadequate *(see, Goldman v State of New York, supra).*

Initially, we agree with the Court of Claims' finding that the State had actual notice of the floor's condition at the times it was being mopped and that it was on constructive notice that the wetness of the floor would increase with use. Nevertheless, in our view, the court also properly concluded that the periodic moppings were appropriate measures to remedy the problems caused by the inclement weather and that claimant failed to establish by a preponderance of the evidence that the State failed to maintain the vestibule in a reasonably safe condition under the circumstances *(see, Basso v Miller, supra; see also, Smith v State of New York,* 101 AD2d 1001). We also find no error in the court's conclusion that there was no showing that alternative responses by the State, such as a mat on the floor or warnings, would have been any safer or would have prevented the accident.

Mikoll, J. P., Yesawich Jr., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.