■ ERNEST G. CROFF et al., Appellants, v GRAND UNION COMPANY et al., Respondents. [613 NYS2d 448] —Cardona, P. J. Appeal from an amended order of the Supreme Court (Hughes, J.), entered May 13, 1993 in Albany County, which, *inter alia,* granted defendants' motions for summary judgment dismissing the complaint.

Plaintiffs, Ernest G. Croff (hereinafter Croff) and his wife, commenced this personal injury action following Croff's slip and fall on March 12, 1983 as he was exiting defendant Grand Union Company's store. Croff testified at an examination before trial that "[i]t was a very nasty sleet raining day. Snow. A little bit of everything." There was snow and ice on the parking lot. It was snowing and sleeting when Croff left the store. Croff testified that he could not recall if there was any ice or snow on the ground in the area where he fell but that "[i]t had to be there". Following joinder of issue and discovery, Grand Union and defendant Plaza at Latham Associates moved for summary judgment. Supreme Court granted the motions and dismissed the complaint. Plaintiffs appeal.

We affirm. Initially, to defeat defendants' motions for summary judgment, it was incumbent on plaintiffs to demonstrate as a matter of law that the presence of snow and ice created a dangerous condition which defendants knew of or in the exercise of reasonable care should have known existed and taken steps to alleviate it within a reasonable period of time *(see, Dykstra v Windridge Condominium One,* 175 AD2d 482, 483). Here, there is no proof that Croff slipped on an accumulation of snow or ice from a previous storm. The competent proof establishes that the slip and fall occurred during a snow storm. Under these circumstances, defendants' failure to take corrective action during the progress of the storm was not negligence as a matter of law *(see, Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680, 681; *Newsome v Cservak,* 130 AD2d 637; *Rothrock v Cottom,* 115 AD2d 242, *lv denied* 68 NY2d 601; *Valentine v City of New York,* 86 AD2d 381, *affd* 57 NY2d 932).

Plaintiffs' remaining contentions lack merit.

Mikoll, White, Weiss and Peters, JJ., concur. Ordered that the amended order is affirmed, with one bill of costs.