Isoleen HARPER, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV–94–1197.

United States District Court,
E.D. New York.

Sept. 6, 1996.

Robert R. Latronica, East Meadow, NY, for plaintiff.

Elliot M. Schachner, Assistant U.S. Attorney, Brooklyn, NY, for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

### SUMMARY

Plaintiff brings this action under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671–80) for injuries sustained as a result of a slip and fall on a wet floor inside a post office.

The defendant moves the court for summary judgment on the ground that the slip and fall occurred while it was raining outside, and that, under New York law, the Government had no duty to correct the wet floor condition until after the rainfall stopped.

## BACKGROUND

For the purpose of this motion the following material facts are assumed to be true [1]:

On March 7, 1992, at approximately 1 p.m., Plaintiff Isoleen Harper ("Harper") slipped and fell on a wet floor inside the U.S. Postal Service Brevoort Station in Brooklyn, New York. Def. 3(g) State. ¶¶ 1–2. It was raining outside at the time Harper fell, and it had been doing so during the hours preceding the plaintiff's fall, and during the evening of the previous day. Pl.'s Aff. in Opp. ¶ 2(g); Def. 3(g) State. ¶¶ 1–2. At the time of Harper's fall, no floor coverings were laid inside the post office, and no signs warning of a slippery floor were posted. Pl.'s Aff. in Opp. ¶ 2(h). Harper injured her right arm and shoulder in the fall and required surgery. Pl.'s Aff. in Opp. ¶ 2(a). She filed this action on March 8, 1994, alleging negligence by the Government in permitting the floor surface to remain wet and slippery and seeking damages in the sum of $500,000. The Government moves to dismiss the complaint on the ground that it had no duty to wipe the wetness from the post office lobby until the rain stopped.

## DISCUSSION

I. *The Standard for Granting Summary Judgment*

Summary judgment is appropriate "if the pleadings [and] depositions ... together with the affidavits ... show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of

---

1. The plaintiff did not submit a statement pursuant to Local Rule 3(g) opposing the Rule 3(g) statement submitted by the Government. Therefore, the court deems all facts set forth in the Government's Rule 3(g) statement to be admitted. *See,* Local Civil Rule 3(g).

law." Fed.R.Civ.P. 56(c). A "moving party is 'entitled to judgment as a matter of law' [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A genuine factual issue exists if there is sufficient evidence favoring the nonmovant such that a jury could return a verdict in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). Therefore, in response to a summary judgment motion, the nonmoving party must come forward with facts, and not merely doubts as to the veracity of the moving party's allegations: "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to the interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

In considering a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511. In doing so, "[t]he district court must draw all reasonable inferences and resolve all ambiguities in favor of the nonmoving party and grant summary judgment only if no reasonable trier of fact could find in favor of the nonmoving party." *Sutera v. Schering Corp.,* 73 F.3d 13, 15 (2d Cir.1995) (*citing Taggart v. Time, Inc.,* 924 F.2d 43, 46 (2d Cir.1991)).

## II. *The Federal Tort Claims Act*

The Federal Tort Claims Act removes the sovereign immunity of the United States from suits in tort, and, with certain exceptions, renders the Government liable in tort as a private individual would be under like circumstances. *Richards v. United States,* 369 U.S. 1, 6, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962). Under the Federal Tort Claims Act, actions brought against the United States "for money damages ... for personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government ... [shall be determined] in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Since the alleged negligent acts of the Government occurred at a post office in Brooklyn, New York, the court must apply the law of the State of New York.

## III. *Elements of a Negligence Claim*

Negligence is conduct that falls beneath the standard of care which would be exercised by a reasonably prudent person in similar circumstances at the time of the conduct at issue. *Holland v. United States,* 918 F.Supp. 87, 89 (S.D.N.Y.1996) (*citing Paulison v. Suffolk County,* 775 F.Supp. 50, 53 (E.D.N.Y.1991)). To make out a prima facie case of negligence, a plaintiff must show that: (1) the defendant owed a duty to the plaintiff to exercise reasonable care; (2) the defendant breached that duty; and (3) the plaintiff was injured as a result of the defendant's breach. *Akins v. Glens Falls City School Dist.,* 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981). New York courts have cautioned against granting summary judgment in negligence cases because "even when the facts are conceded, there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances, [an issue which] can rarely be decided as a matter of law." *Lugo v. LJN Toys, Ltd.,* 146 A.D.2d 168, 539 N.Y.S.2d 922, 923–24 (1st Dept.1989) (*quoting Andre v. Pomeroy,* 35 N.Y.2d 361, 364, 362 N.Y.S.2d 131, 320 N.E.2d 853 (1974)) *aff'd,* 75 N.Y.2d 850, 552 N.Y.S.2d 914, 552 N.E.2d 162 (1990).

Under New York law, the duty owed by a landowner is to maintain his property in a reasonably safe condition in view of all the circumstances, including likelihood of injury to others, seriousness of injury, and the burden of avoiding the risk. *Basso v. Miller,* 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976). A store owner in New York "must take reasonable care that his customers shall not be exposed to danger of injury through conditions in the store or at the entrance which he invites the public to use." *Miller v. Gimbel Bros., Inc.,* 262 N.Y. 107, 108, 186 N.E. 410 (1933). This duty is,

however, limited. New York law recognizes that a store owner

> "cannot prevent some water and mud being brought into an entranceway on a rainy day *and he is not responsible for injuries caused thereby* unless it is shown that the construction of the store is inherently dangerous or that he failed to use care to remedy conditions which had become dangerous, after actual or constructive notice of such conditions." *Miller v. Gimbel Bros., Inc.*, 262 N.Y. at 108, 186 N.E. 410 (emphasis added).

There is no claim here that the construction of the post office was inherently dangerous, so the inquiry should focus on whether there is any showing that the Government, as landowner, was on notice of a dangerous condition and failed to use care correct it.

## IV. *Notice of a Dangerous Condition*

The mere fact that a sidewalk or building entranceway is wet does not establish the existence of a "dangerous condition." *Miller v. Gimbel Bros., Inc.*, 262 N.Y. at 108, 186 N.E. 410 ("it does not appear that the floor even when wet was dangerous"); *Wessels v. Service Merchandise, Inc.*, 187 A.D.2d 837, 589 N.Y.S.2d 971, 972 (3rd Dept.1992). Even if the court were to infer that a dangerous condition did exist as a result of the rain, Harper has made no showing that the Government had either actual or constructive notice of the condition. She offers no specific facts tending to show that the Government, through its post office employees, had actual notice of the dangerous condition of the floor before the accident. The Government will be deemed to have constructive notice of a dangerous condition if the condition was visible and apparent and existed for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it. *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 837, 501 N.Y.S.2d 646, 492 N.E.2d 774 (1986). A "general awareness" that a dangerous condition might be present is not sufficient to charge a defendant with constructive notice. *Gordon*, 67 N.Y.2d at 838, 501 N.Y.S.2d 646, 492 N.E.2d 774. Beyond Harper's showing that rain had been falling over the previous several hours, *Pl.'s Mem. in Opp., Ex. 3*, she offers no facts showing that a dangerous condition was visible or apparent to post office employees, or, as to the length of time it existed. Thus, Harper cannot make out a prima facie case.

The Government urges the court to rely on the well-established principle in New York that landowners are permitted a reasonable period of time after cessation of a storm to correct any dangerous condition created by it. *Porcari v. S.E.M. Management Corp.*, 184 A.D.2d 556, 584 N.Y.S.2d 331, 332 (2d Dept.1992) (a landowner is afforded a "reasonable period of time" after cessation of a snowstorm which created a dangerous condition to exercise due care in order to remedy the condition; summary judgment for defendant granted as a matter of law); *Croff v. Grand Union Company*, 205 A.D.2d 856, 613 N.Y.S.2d 448, 449 (3d Dept.1994) ("defendants failure to take corrective action during the course of a storm was not negligence."). It is not disputed that the rain had not ceased when the plaintiff fell.

New York courts have applied this principle almost exclusively to situations in which accidents occur outdoors during heavy ice and rain storms. Recently, however, courts have extended this principle to situations, where, as here, an accident resulted from moisture tracked indoors. The court in *Kovelsky v. City University of New York*, 221 A.D.2d 234, 634 N.Y.S.2d 1 (1st Dept.1995) held that no duty arises until a storm ceases and a landowner has a reasonable opportunity to discover or correct the dangerous condition. *Id.* ("defendant was not required to cover all its floors with mats, nor to continuously mop up all moisture resulting from tracked-in melting snow"). New York courts have also held that landowners were allotted a reasonable opportunity following a storm to correct dangerous conditions in cases involving accidents which resulted from mild storms, such as the one at issue in this case. *Zima v. North Colonie Central School District*, —— A.D.2d ——, 639 N.Y.S.2d 558 (3d Dept.1996) (even if storm is not "major," owner is under no obligation to correct a hazardous condition until it is over; summary judgment granted).

**134**

### V. *The Failure to Lay Floor Coverings or Post Warning Signs*

■ The Government's failure to lay floor coverings or to post warning signs in the post office does not necessarily constitute a breach of its duty of reasonable care. In a recent Southern District case involving a slip and fall in a post office on a rainy day, Judge Keenan noted in his post-trial conclusions of law that:

"(e)ven in cases where no sign was posted, no mats or runners were provided, and recommended mopping procedures were not followed, the courts have repeatedly found that the Government did not breach a duty to postal customers because a proprietor's duty to warn does not extend to obvious dangers." *Holland v. United States,* 918 F.Supp. 87, 89 (S.D.N.Y.1996).

In *Spagnolia v. United States,* 598 F.Supp. 683, 686 (W.D.N.Y.1984), a 58 year old woman slipped and fell on a post office floor on a rainy day in an area where no warning signs or floor coverings were placed. In dismissing the complaint, the *Spagnolia* court held that, under New York law, "failure to use mats on slippery floors on rainy days does not necessarily constitute negligence, even where the defendant customarily observes such a practice but failed to do so on the day of the accident." *Spagnolia,* 598 F.Supp. at 686 (*citing Gimbel Bros.,* 262 N.Y. 107, 108–09, 186 N.E. 410, and *Madrid v. City of New York,* 42 N.Y.2d 1039, 399 N.Y.S.2d 205, 369 N.E.2d 761 (1977)).

Similarly, in *Hess v. United States,* 666 F.Supp. 666 (D.Del.1987), a 50 year old woman slipped and fell in a post office on a rainy day on an area of exposed floor between two floor coverings. No warning signs were posted nearby. After a bench trial, the *Hess* court stated that "the [post office personnel] could not have stopped rainwater from being blown onto its floors by the wind or tracked in by its customers," *Hess,* 666 F.Supp. at 672, and also reasoned that the Government did not breach its duty to maintain the post office in a reasonably safe condition because, on a rainy day, the slippery condition of the floor should be obvious to all. *Id.* Harper offers no reason why the Brevoort post office should be held to a different standard. *See*

also, *Faircloth v. United States,* 837 F.Supp. 123, 128–129 (E.D.N.C.1993).

■ Nor does the Government's failure to follow its postal service internal manual, which states that mats should be placed at post office entrances when bad weather develops, *U.S. Postal Service Handbook,* (citation omitted in Pl.'s Brf.), establish a breach of its duty of care. New York law provides that even if the post office manual were admissible in this case, an internal rule of a governmental entity cannot create a higher standard of care than that established by the prevailing law. *Lesser v. Manhattan and Bronx Surface Transit Operating Authority,* 157 A.D.2d 352, 556 N.Y.S.2d 274, 276 (1st Dept.1990) (internal rule requiring bus operator to make "every effort" to clear away snow not admissible because applicable legal standard required only reasonable care).

For the foregoing reasons, the defendant's motion for summary judgment is granted.

SO ORDERED.