■ Christine LoSquadro et al., Appellants, v Roman Catholic Archdiocese of Brooklyn, Doing Business as Our Lady of Hope School, Respondent. [678 NYS2d 347] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Price, J.), dated March 18, 1997, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated June 27, 1997, which denied the plaintiffs' motion denominated as one for leave to renew and reargue the prior motion, but which was, in fact, only to reargue.

Ordered that the appeal from the order dated June 27, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 18, 1997, is reversed, the motion is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the appellants.

This case concerns a slip and fall by the plaintiff Christine LoSquadro while in the gymnasium/auditorium of a school

operated by the defendant. The plaintiff Thomas LoSquadro, Christine's father, asserts derivative claims. Christine alleges that she sustained damages to a knee and to her back when she slipped and fell on a wet floor while lining up for class. In the first order appealed from, the Supreme Court, after the completion of various disclosure, granted the defendant's motion for summary judgment dismissing the complaint. We reverse.

The record reveals that in the spring of 1993 Christine was a sixth-grade student at the defendant school. Weather permitting, the students would line up in the school yard before the start of classes. When it was raining, the approximately 550 students of the school would assemble in the tile-floored gymnasium/auditorium. On the date of Christine's fall, April 22, 1993, it was raining. Indeed, the principal of the defendant school, who was one of the supervisors on duty at the time of the fall, described the rain as "torrential". There were no receptacles for the student's umbrellas, wet raincoats, or boots outside the gymnasium/auditorium. However, a rubber mat, approximately four by six feet in size, was placed at the door in the hallway leading into the gymnasium/auditorium. As was the custom, a custodian was assigned to continuously mop in the foyer area. Further, another employee mopped the floor approximately five to six feet into the gymnasium/auditorium. The principal also helped mop for a few minutes after she noticed that wind was sweeping the rain inside the gymnasium/auditorium every time a student opened the door to enter. Prior to Christine's fall, the principal noticed wet spots on the floor just inside the entrance to the gymnasium/auditorium. She also observed another unidentified student slip and fall shortly before Christine slipped and fell. Both students were approximately five feet inside the door to the gymnasium/auditorium.

The defendant was obliged to maintain the school in a reasonably safe condition (*see, Basso v Miller,* 40 NY2d 233). It cannot be determined, as a matter of law, that the actions undertaken by the defendant were reasonable and adequate under all of the circumstances (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Keir v State of New York,* 188 AD2d 918; *Boccaccino v Our Lady of Pity R. C. Church,* 18 AD2d 1055). Unlike our recent decision in *Negron v St. Patrick's Nursing Home,* 248 AD2d 687), and the cases cited therein, we are not here concerned with what measures might need to be taken in the absence of actual or constructive notice of a dangerous condition. Here, actual notice was clearly present

due to, *inter alia,* the slip and fall of the unidentified student shortly before Christine's slip and fall in the same approximate area, an area that was being mopped. Accordingly, the defendant's motion for summary judgment should have been denied. Ritter, J. P., Altman and Goldstein, JJ., concur.

Thompson, J., dissents in part and concurs in part and votes to dismiss the appeal from the order dated June 27, 1997, and to affirm the order dated March 18, 1997, in the following memorandum in which McGinity, J., concurs: I disagree with my colleagues and conclude that the defendant discharged its duty of care to the injured plaintiff.

The record demonstrates that the defendant's students were entering the building during a torrential downpour. Under such circumstances, it would have been impossible to prevent the auditorium floor from becoming wet (*see, Boccaccino v Our Lady of Pity R. C. Church,* 18 AD2d 1055, 1056; *see also, Miller v Gimbel Bros.,* 262 NY 107, 108). As the Court of Appeals observed in a similar context, a landowner cannot "prevent some water and mud being brought into an entranceway on a rainy day and he is not responsible for injuries caused thereby unless it is shown * * * that he failed to use care to remedy conditions which had become dangerous, after actual or constructive notice of such conditions" (*Miller v Gimbel Bros., supra,* at 108-109; *cf., Holmes v Hengerer Co.,* 303 NY 677). There was no such showing made here.

The record indicates that the school custodian was continuously mopping the floor from just outside the auditorium entrance to 20 feet into the auditorium and that a school volunteer also helped mop the floor. Even the principal assisted with the mopping. According to the custodian, the school volunteer mopped some 35 feet into the auditorium.

This Court very recently commented in a similar case that "the defendant was not required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (*Negron v St. Patrick's Nursing Home,* 248 AD2d 687; *accord, Miller v Gimbel Bros., supra,* at 108-109; *Kovelsky v City Univ.,* 221 AD2d 234, 235; *cf., Harper v United States,* 949 F Supp 130, 134).

Measured against the foregoing principles, it is clear that the defendant undertook reasonable precautions to remedy the potentially dangerous situation, and that it therefore discharged its duty of care to the injured plaintiff (*see, Keir v State of New York,* 188 AD2d 918, 919). Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint.