**George YOUNG, Jr., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 04–2739–CV.**

United States Court of Appeals, Second Circuit.

Nov. 7, 2005.

George Young, Jr., for Appellant, pro se.

Artemis Lekakis, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, and Varuni Nelson, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present: WALKER, Chief Judge, FEINBERG, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the appeal is **DISMISSED** and the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant George Young, Jr. appeals from the February 23, 2004 order of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, Judge) granting summary judgment to defendant-appellee United States of America on the plaintiff's Federal Tort Claims Act lawsuit alleging that the Veterans Affairs hospital ("VAH") in Brooklyn, New York, was negligent in its duty to use reasonable care in guarding his vehicle while in the VAH parking lot. See Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680 (2000). This court has jurisdiction under 28 U.S.C. § 1291.

We review a district court's grant of summary judgment *de novo,* construing evidence in the light most favorable to the nonmovant, searching for a genuine issue of material fact, and inquiring whether the movant is entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir. 2003).

Plaintiff alleges that the VAH was negligent in failing to protect his property while on VAH grounds. The district court properly applied New York case law to the facts either alleged by the plaintiff or not disputed by him to determine that no bailment relationship existed between the parties. *See Ellish v. Airport Parking Co.,* 42 A.D.2d 174, 345 N.Y.S.2d 650, 653–54 (1973). Accordingly, the plaintiff is not entitled to a presumption of negligence as to his van or its contents. *Herrington v. Verrilli,* 151 F.Supp.2d 449, 457 (S.D.N.Y. 2001).

Therefore, plaintiff must prove that (1) defendant owed plaintiff a duty of care, (2) defendant breached that duty, and (3) plaintiff was injured as a result of that breach ("proximate causation"). *Harper v. United States,* 949 F.Supp. 130, 132 (E.D.N.Y.1996). Plaintiff argues that if the parking lot's entrance-booth security guard had not abandoned her post, the guard would have deterred the theft. But the plaintiff has not provided any evidence from which a jury could infer that the guard's absence was a proximate cause of the theft. Thus, even if plaintiff could prove a duty of care and its breach, his negligence claim would fail.

For the reasons set forth above, the appeal is **DISMISSED,** and the judgment of the district court is **AFFIRMED.**