■ EDWARD J. ZIBRO III et al., Appellants, v SARATOGA NATIONAL GOLF CLUB, INC., et al., Respondents. (And Third-Party and Fourth-Party Actions.) [— NYS2d —]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (McNamara, J.), entered June 18, 2007 in Albany County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered December 26, 2007 in Albany County, which denied plaintiffs' motion for reconsideration.

Defendant Saratoga National Golf Club, Inc. opened a facility known as Saratoga National Golf Club in the spring of 2001 and, on June 21, 2001, plaintiff Edward J. Zibro III (hereinafter plaintiff) slipped and fell on the wood decking of a porch that runs along the north side of the newly constructed clubhouse. In the relevant area, the porch was covered overhead, but it was open to the elements on its north side. It was a rainy day and the mahogany deck of the clubhouse porch was wet. Immediately prior to the accident, plaintiff walked along a portion of the porch to a north entrance of the clubhouse and, when he stepped back from the door to let other patrons exit, he allegedly slipped on the wet surface of the porch deck.

Plaintiff, and his wife, derivatively, commenced this action against Saratoga National Golf Club, Inc. and defendant Tomsargo Corporation. Defendants brought a third-party action against The Pike Company, Inc. (the general contractor) and Chris Consultants, Inc. (the architect). Pike started a fourth-party action against Deridder Masonry, Inc. (the subcontractor that poured the concrete subfloor of the porch) and DB Building, Inc. (the subcontractor that installed the mahogany flooring). After extensive disclosure, defendants, third-party defendants and fourth-party defendants all moved for summary judgment. Supreme Court granted defendants' motion, and denied the other motions as moot. Plaintiffs' motion to reargue and renew was denied. Plaintiffs appeal.

A landowner's property must be maintained in a "reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Peralta v Henriquez*, 100 NY2d 139, 144 [2003] [internal quotation marks and citation omitted]). To impose liability on an owner of premises where a slip and fall has occurred there must be proof reflecting a dangerous or defective condition which the owner created or had actual or

constructive knowledge about (*see Miller v Gimbel Bros.*, 262 NY 107, 108-109 [1933]; *Lowrey v Cumberland Farms*, 162 AD2d 777, 778 [1990]). The fact that a deck or surface which is fully or partially exposed to the elements is wet following a recent rainfall is not, by itself, sufficient to establish a triable issue regarding the liability of the owner (*see Todt v Schroon Riv. Campsite*, 281 AD2d 782, 783 [2001]; *Wessels v Service Mdse.*, 187 AD2d 837, 837 [1992]). Liability may nonetheless be implicated when, for example, there is proof of a condition that unreasonably heightened the risk typically encountered under such circumstances (*see O'Neil v Holiday Health & Fitness Ctrs. of N.Y.*, 5 AD3d 1009, 1009-1010 [2004]; 1 NY PJI 2:91, at 573 [2008]; *see also Pignatelli v Gimbel Bros., Inc.*, 285 App Div 625, 627 [1955], *affd* 309 NY 901 [1955]; *Thompson v Palladino*, 250 App Div 817, 817-818 [1937], *affd* 275 NY 633 [1937]).

Initially, we note that, contrary to plaintiffs' argument, Supreme Court did not decide the motion on a ground not asserted before the court. Moreover, defendants submitted sufficient proof to satisfy their threshold burden (*see Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]; *Dominy v Golub Corp.*, 286 AD2d 810, 810 [2001]). It thus became incumbent upon plaintiffs to produce proof raising a triable issue (*see Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 988 [2007]; *Kappes v Cohoes Bowling Arena*, 2 AD3d 1034, 1035 [2003]). When considering whether a triable issue exists, the evidence in the record is viewed in the light most favorable to the party opposing summary disposition (*see Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1315 [2007]; *Rosati v Kohl's Dept. Stores*, 1 AD3d 674, 674 [2003]).

Plaintiffs produced evidence that the original architectural plans provided for the deck to be constructed of broom finish concrete with a slight slope away from the building. Before the scheduled opening, however, defendants changed those plans and decided to have a mahogany deck installed. Because of a variety of circumstances, the mahogany deck was not sloped as called for in the architectural plans. An architect with the firm that prepared the original design of the project indicated at his deposition that a deck without a slope that permitted puddling of water was not in accordance with good and accepted architectural practices due to both maintenance and safety issues. Pike's project manager for the clubhouse construction stated at his deposition that the construction of a deck without a slope away from the building was contrary to good and accepted building practices because it could create puddling resulting in a slipping hazard. Both of these individuals were quali-

fied in their fields and fully familiar with the relevant aspects of this project. A punch list prepared by another architect, who was monitoring the project, criticized aspects of the deck, noting, among other things, that the "surface is too slick [and] ponding is occurring on top." Plaintiff described the deck as "very wet," and he related that, when he stepped backward on the deck from the entrance door, he fell because his foot hit a puddle of water. Viewed most favorably to plaintiffs, triable issues are raised by this proof which indicates that the construction of the deck departed from acceptable standards creating an unreasonable risk of areas of excess or puddling water on the deck, and that plaintiff slipped in such an area. Accordingly, we conclude that defendants' motion for summary judgment should have been denied.

The appeal from the order denying plaintiffs' motion to reargue and renew is academic. The motions of the third and fourth-party defendants, which were denied by Supreme Court as moot (and whose papers were not included in the record on appeal), are reinstated for consideration by Supreme Court to the extent this decision does not dispose of the issues asserted therein.

Peters, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order entered June 18, 2007 is reversed, on the law, with costs, and defendants' motion for summary judgment denied. Ordered that the appeal from the order entered December 26, 2007 is dismissed, as academic.